**WESTERN ALLIANCE INSURANCE COMPANY, Appellant,**

v.

**Corrine S. DENNIS, Appellee.**

No. 8322.

Court of Civil Appeals of Texas, Texarkana.

Nov. 10, 1975.

Rehearing Denied Dec. 2, 1975.

George L. McWilliams, Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, for appellant.

Joe W. Lovelace, Lovelace & Thompson, Inc., Linden, for appellee.

CORNELIUS, Justice.

The question to be determined is whether, in the endorsement to appellee's automobile liability insurance policy providing the "Personal Injury Protection" required by Article 5.06–3, Tex.Ins.Code Ann., an exclusion denying such coverage to persons occupying a vehicle owned by the insured but not scheduled as an "insured vehicle" is an unauthorized limitation on the coverage required by the statute.

The facts are undisputed. Appellant insurance company issued an automobile liability insurance policy to appellee Corrine S. Dennis. The policy was effective January 6, 1974, and contained a "Personal Injury Protection Endorsement" in a form approved by the State Board of Insurance. The endorsement provided for benefits up to $2,500.00 for each designated person. The automobile named in the policy as the "insured vehicle" was a 1968 Buick. On August 12, 1974, the two minor sons of appellee were injured when the motorcycle they were riding was struck by a truck. The motorcycle was owned by one of the sons but it was not listed as an "insured vehicle" in appellee's insurance policy. The appellant refused to pay the personal injury protection benefits on the sole basis of the exclusion which provided:

"This insurance does not apply:

(a) . . .

(b) To the named insured or any member of the insured's household who sustains bodily injury while occupying or through being struck by a motor vehicle owned by such named insured or any member of the insured's household which is not an insured motor vehicle."

Appellee brought suit to collect the personal injury protection benefits, contending that the exclusion was invalid because it denied the coverage mandated by Article 5.06–3, Tex.Ins.Code Ann. In a nonjury trial, the court sustained appellee's contention and rendered judgment against appellant for the personal injury protection benefits, together with penalty and attorneys' fees.

Article 5.06–3, Tex.Ins.Code Ann. provides in part as follows:

"(a) No automobile liability insurance policy, . . . shall be delivered or issued . . . unless personal injury protection coverage is provided therein or supplemental thereto . . .

(b) 'Personal injury protection' consists of provisions . . . which provide for payment to the named insured in the motor vehicle liability policy and members of the insured's household, any authorized operator or passenger of the named insured's motor vehicle including a guest occupant, up to an amount of $2,500 for each such person for payment of all reasonable expenses arising from the accident and incurred within three years from the date thereof for necessary medical, surgical, x-ray and dental services, . . . "

 Exclusions similar to the one involved here were enforced in Texas as to personal injury protection when that coverage was strictly a matter of voluntary contract.[1] Since the adoption of Article 5.06–3, which made such coverage mandatory unless rejected by the insured, no case has ruled on the validity of the exclusion. The Supreme Court has ruled, however, that such an exclusion relating to *uninsured motorist protection*[2] is an unlawful restriction of the coverage required by statute, and expressions to the contrary in earlier cases were expressly disapproved. *Westchester Fire Insurance Company v. Tucker*, 512 S.W.2d 679 (Tex.1974). The reasons supporting such ruling apply as well in this case. Article 5.06–3 provides in explicit terms the coverage it requires. It provides for two exclusions, neither of which applies here. There is no indication in the statute that the coverage is to be further limited by restricting it to accidents involving only scheduled vehicles. Although the form of endorsement containing the exclusion in question was approved by the State Board of Insurance, the power given by the statute to that agency to prescribe appropriate forms did not authorize it to deny the coverage, but rather "to provide the coverage" described in the article. Article 5.06–3, Tex.Ins.Code Ann.; *American Liberty In-*

*surance Company v. Ranzau*, 481 S.W.2d 793 (Tex.1972).

We hold that the exclusion in question is an unauthorized limitation of the protection required by the statute and is ineffective. The judgment of the trial court is affirmed.

---

1. See *Vaughn v. Atlantic Insurance Company*, 397 S.W.2d 874 (Tex.Civ.App. Tyler 1965, writ ref'd n. r. e.).

2. Required by Article 5.06–1, Tex.Ins.Code Ann.