**SOUTHERN COUNTY MUTUAL IN-
SURANCE COMPANY, Appellant,**

v.

**Cecil Wayne DEKLE et ux., Appellees.**

**No. 6088.**

Court of Civil Appeals of Texas,
Waco.

Dec. 31, 1979.

Roy L. Barrett and John T. Hawkins, Naman, Howell, Smith, Lee & Muldrow, P. C., Waco, for appellant.

F. Ben Selman, Jr., Waco, for appellees.

## OPINION

JAMES, Justice.

This is a venue case. Cecil Wayne Dekle and his wife Janice, Plaintiff-Appellees, sued Southern County Mutual Insurance Co., Defendant-Appellant, seeking damages for breach of an insurance contract.

In March of 1977, Plaintiffs' 1974 Mustang was damaged as a result of an accident in Waco, McLennan County, Texas. The automobile was covered by collision insurance with the Defendant company and the Plaintiffs immediately notified the company's agent in Waco of the damage to the car. The Defendant company investigated the accident and secured an appraisal of damage in the amount of $309.25 from the body shop of a Ford dealership in Waco. Shortly thereafter the insurer forwarded a check to the Plaintiffs in the amount of $69.25, based on the $309.25 damage estimate less the $240 amount deductible under the Dekle's policy. The Plaintiffs refused to accept this check and filed suit in McLennan County, claiming that the amount of damages greatly exceeded the $309.25 figure and that the insurance company had breached its contract in that it had not fully compensated the Plaintiffs for their loss. The Defendant-Appellant filed a plea of privilege to be sued in the county of its residence, Dallas County, which plea was, in due course, controverted by Appellees alleging exceptions 5, 23, 28, 28a of Art. 1995, V.A.T.S. Hearing before the court, without a jury, resulted in Appellant's plea of privilege being overruled, from which ruling this appeal was perfected.

Appellant presents only one point of error on appeal, contending that "The trial court erred in overruling defendant's plea of privilege, because the plaintiff failed to establish any of its alleged exceptions to the right of the defendant to be sued in its home county." Since there were no findings of fact or conclusions of law filed or requested in this case, the judgment must be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss* (Tex.1977) 559 S.W.2d 353; *Buchanan v. Byrd* (Tex.1975) 519 S.W.2d 841; *Seaman v. Seaman* (Tex.1968) 425 S.W.2d 339. As stated supra, Appellees' Controverting Plea invokes Secs. 5, 23, 28, and 28a of Art. 1995 to sustain venue in McLennan County. However, Appellees properly concede that the evidence was legally insufficient to meet the requirements of Secs. 5, 28, and 28a. Appellant and Appellees agree that the single question confronting this Court is whether the Appellees presented *any* evidence of probative force to meet their burden in establishing venue under Sec. 23 of Art. 1995.

Sec. 23 of Art. 1995 provides that suit against a private corporation may be brought "in the county in which the plaintiff resided at the time the cause of action or a part thereof arose, provided such corporation, association or company has an agency or representative in such county." It is well established in the law that a plaintiff seeking to establish venue under this provision must allege and prove a complete cause of action against the defendant. *Victoria Bank & Trust Co. v. Monteith* (1941) 138 Tex. 216, 158 S.W.2d 63, opinion adopted by the S.Ct.; *Lloyds Casualty Insurer v. McCrary,* 149 Tex. 172, 229 S.W.2d 605 (1950); 1 McDonald, *Texas Civil Practice,* Sec. 4.30.2 and cases cited therein.

In this case, Appellees sought recovery for the breach of an insurance contract, i. e. for the failure of the Appellant insurer to pay for the Appellees' loss occasioned by

the automobile collision. In order to establish their cause of action, Appellees needed to show (1) the existence of an insurance policy in full force and effect at the time of the loss, (2) the occurrence of loss within the coverage of the policy, and (3) the failure of the insurer to pay for the loss incurred. The evidence is virtually undisputed that there was a collision policy with the Appellant company in full force and effect at the time of the accident and that the loss sustained by the Appellees was one covered by the terms of the policy. In fact, the Appellant insurer issued a check to the Appellees for $69.25 in payment for the loss sustained, thereby admitting that the loss came within the policy provisions. However, the Appellees did not produce any evidence that the insurer failed to pay for the loss incurred. Appellees steadfastly maintained in the trial court and in argument before this Court that they did not have to prove the amount of damages suffered in the collision in order to meet their burden under Sec. 23 of Art. 1995. They contended that, for venue purposes, "the fact that a loss occurred is the relevant question" and that "the amount of the loss is not relevant."

■ Ordinarily the amount or extent of damages is not a requisite venue fact; a plaintiff need only prove the fact that some damage occurred in order to meet his burden in a venue hearing. In this particular case, however, it was necessary for the Appellees to offer evidence of the amount of damage suffered in order to prove that the insurer had breached its duty to pay for the loss. The insurance company had tendered to the Appellees a check for $69.25, which was the balance payable to the Appellees after the $240 amount deductible had been subtracted from the $309.25 appraisal of the cost to repair. Since the insurance company had paid for a $309.25 loss, the Appellees were compelled to prove that the *amount* of the damage incurred exceeded $309.25 in order to prove that the insurance company had not properly paid for the loss sustained and had thereby breached the insurance contract. The Appellees failed to offer any evidence of probative value to establish this

fact. We therefore sustain Appellant's contention that the evidence was legally insufficient to maintain venue in McLennan County.

■ Appellant insists that the cause should be reversed and rendered and transferred to Dallas County. However, it is well settled that where a case has not been fully developed or has been tried on the wrong theory, the judgment of the appellate court should be one of remand and not one of rendition. *Jackson v. Hall* (Tex. 1948) 147 Tex. 245, 214 S.W.2d 458; *Hanssard v. Ledbetter* (Waco Tex.Civ.App.1978) 561 S.W.2d 34, no writ. It is apparent from the record in this case that the case was not fully developed.

We therefore reverse and remand the cause to the trial court for further development.

REVERSED AND REMANDED.