EQUITABLE GENERAL INSURANCE COMPANY, Appellant,

v.

Michael WILLIAMS, Appellee.

No. 20723.

Court of Civil Appeals of Texas, Dallas.

July 28, 1981.

Rehearing Denied Aug. 28, 1981.

Donald G. Stanford, Patterson, Lamberty & Kelly, Dallas, for appellant.

Bertran T. Bader, III, Bader & Cox, Dallas, for appellee.

Before AKIN, ROBERTSON and STEPHENS, JJ.

STEPHENS, Justice.

This case calls for the construction of an exclusion in an uninsured motorist endorsement to a Texas Standard Automobile Insurance policy. The insured, while operating an owned but uninsured motorcycle, was struck by an automobile driven by an uninsured motorist. The insurance company denied the insured's claim for damages on the grounds that the insurance policy expressly excluded coverage to an insured while the insured was occupying an owned but uninsured motor vehicle. Both parties filed motions for summary judgment and the trial court rendered summary judgment for the insured, from which the insurance company appeals. Two questions are raised. First, is a motorcycle an uninsured motor vehicle under the terms of the policy? Second, is the exclusion an invalid restriction of uninsured motorist coverage required by Tex.Ins.Code Ann. art. 5.06–1 (Vernon Supp.1980–1981)? We hold that a motorcycle is a motor vehicle within the exclusion, and that the exclusion is not an invalid restriction of the coverage required by the Insurance Code. Thus, we reverse and render.

Michael Williams purchased a standard family automobile policy from Equitable General Insurance Company providing coverage for a 1974 Chevrolet automobile. The policy contained an uninsured motorist endorsement, for which Williams paid a premium of $8.00. While the policy was in force, Williams, while operating a motorcycle which he owned, but which was not insured under the policy, collided with an automobile driven by an uninsured motorist. The parties stipulated to all facts necessary to afford Williams recovery under the policy unless coverage is expressly excluded by its terms.

■ Equitable contends that coverage is excluded under the uninsured motorist endorsement by its terms, which reads in pertinent part:

The policy does not apply under Part IV:

(a) to bodily injury to an insured occupying a motor vehicle (other than an insured motor vehicle) owned by the named insured . . . .

The term "motor vehicle" is not defined in either the policy or in the uninsured motorist endorsement. The term "insured motor vehicle" is defined in the uninsured motorist endorsement as "a private passenger, farm or utility automobile described in this policy for which coverage is afforded." Williams argues that the effect of the definition of "insured motor vehicle" is to restrict the meaning of the term "motor vehicle," as used in the exclusionary provision, to mean only an automobile and that because a motorcycle is not an automobile, the exclusion does not apply. He also argues that the definition of "insured motor vehicle" creates an ambiguity requiring a construction in favor of the coverage. We cannot agree with either contention. If the language of an exclusionary clause in an insurance policy is clear and unambiguous, the well established rule of construction directing adoption of that construction most favorable to the insured, is not applicable. Consequently, absent ambiguity, neither party can be favored by its construction. *Maryland Casualty Co. v. State Bank & Trust Co.*, 425 F.2d 979 (5th Cir. 1970) *cert. denied*, 400 U.S. 828, 91 S.Ct. 55, 27 L.Ed.2d 57 (1970). *Monte Christo Drilling Corp. v. Byron-Jackson Tools, Inc.*, 266 F.Supp. 123 (S.D.Tex.1966).

Thus, before we may apply the rule of strict construction in favor of coverage and against the carrier, as urged by Williams, we must first find that the language of the exclusionary clause is ambiguous. The policy definition of "insured motor vehicle" shows a clear intent to describe the automobile scheduled on the policy for which coverage is afforded; here a 1974 Chevrolet. The exclusionary clause also shows a clear intent to protect Equitable from certain liability; namely, in this instance, for damages received by Williams while occupying a motor vehicle which he owns, but one which he does not insure under the policy. The term "motor vehicle," not defined by the policy, must be afforded its ordinary and generally accepted meaning. *Guardian Life Insurance Co. of America v. Scott*, 405 S.W.2d 64 (Tex.1966); *Prudential Insurance Co. of America v. Uribe*, 595 S.W.2d 554 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.); *Vanguard Insurance Co. v. Plains Helicopter, Inc.*, 529 S.W.2d 277 (Tex. Civ.App.—Amarillo 1975, writ ref'd n.r.e.); *Hart v. Traders & General Ins. Co.*, 487 S.W.2d 415 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.); *Travelers Ins. Co. v. Chicago Bridge & Iron Co.*, 442 S.W.2d 888 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.); *Tindall Pontiac, Inc. v. Liberty Mutual Ins. Co.*, 441 S.W.2d 948 (Tex.Civ.App.—San Antonio 1969, writ dism'd).

The term motor vehicle has a much broader meaning than the word automobile. Webster's New Twentieth Century Dictionary, Second Edition, 1979, defines the word *motor* as "an engine; especially, an internal-combustion engine for propelling a vehicle," and the word *vehicle* as "any device on wheels or runners for conveying persons or objects, as a cart, sled, automobile, etc." *Motorcycle* is defined as a "two-wheeled vehicle propelled by an internal combustion engine." *Automobile* is defined as "a car, usually four-wheeled, propelled by an engine or motor that is part of it . . . ."

Case law has interpreted the plain, ordinary, and generally accepted meaning of the term motor vehicle to be a self-propelled vehicle designed for, intended for, or actually used to transport persons or property over roads or highways. *International Ins. Co. in New York v. Hensley Electric Steel Co., Inc.*, 497 S.W.2d 64 (Tex.Civ.App. —Waco 1973, no writ); *The Travelers Ins. Co. v. Elkins*, 468 S.W.2d 487 (Tex.Civ.App. —Tyler 1971, no writ). Our supreme court has approved an even broader definition in *Slaughter v. Abilene State School*, 561 S.W.2d 789 (Tex.1977) by citing with approval the language of *Jernigan v. Hanover Fire Ins. Co. of New York*, 235 N.C. 334, 69 S.E.2d 847 (1952) as follows:

> Common usage has made the phrase "motor vehicle" a generic term for all classes of self-propelled vehicles not operating on stationary rails or tracks, and therefore, as a result all automobiles are motor vehicles, but the contrary proposition is not true. The term "motor vehicle" is much broader than the word "automobile" and includes various vehicles which cannot be classified as automobiles.

■ We further note that Tex.Ins.Code Ann. art 5.01 (Vernon 1963) expressly enumerates a motorcycle as one of the vehicles subject to its provisions. The Texas Certificate of Title Act, Tex.Rev.Civ.Stat.Ann. art. 6687–1(2) (Vernon 1977) in its definition of a "motor vehicle" expressly includes a motorcycle. Thus we conclude that the term "motor vehicle," not having been defined in the policy, is unambiguous. Therefore, its plain, ordinary and generally accepted meaning is sufficiently broad to encompass a motorcycle. Consequently, we hold that coverage under these facts, was excluded.

■ Williams next argues that the exclusion, as written, is an invalid restriction of uninsured motorist coverage which must be offered an insured by a carrier under art. 5.06–1 of the Insurance Code and thus is void. The rationale argued by Williams is contrary to the holding in *Holyfield v. Members Mutual Ins. Co.*, 566 S.W.2d 28 (Tex.Civ.App.—Dallas) *writ ref'd n.r.e. per curiam*, 572 S.W.2d 672 (1978) (personal injury protection coverage required by art. 5.06–3). In *Holyfield*, as in this case, cover-

611

age was excluded for injuries sustained while occupying a vehicle owned by the insured, but not insured under the policy. There the insured owned two automobiles which were scheduled in the policy and on which premiums were paid. The insured also owned a motorcycle which was not scheduled in the policy and for which no premium was paid. The accident occurred while the insured was operating the motorcycle and thus the exclusionary clause was effective to deny him coverage. In its review of *Members Mutual v. Holyfield*, 572 S.W.2d 672 (Tex.1978), the supreme court not only upheld this court's view, but also expressly disapproved *Western Alliance Ins. Co. v. Dennis*, 529 S.W.2d 838 (Tex.Civ.App. —Texarkana 1975, no writ), and that court's interpretation of *Westchester Fire Ins. Co. v. Tucker*, 512 S.W.2d 679 (Tex. 1974), wherein the Texarkana court held that a similar exclusionary provision was an unauthorized limitation of the coverage required by article 5.06–3 of the Texas Insurance Code.

We are not persuaded by Williams' attempt to distinguish this case from *Holyfield* on the grounds that different types of coverage are afforded by the two sections of the Insurance Code. Both sections have made it mandatory that uninsured motorist protection and personal injury protection be offered to the insured on any automobile liability policy issued in Texas. Both coverages may be rejected by the insured. Charges may be made for both coverages. Thus, the same rationale that was applied in *Holyfield* should apply in this case. Consequently, we hold that the exclusionary clause in the uninsured motorist endorsement is not an invalid denial or restriction of coverage as is required by art. 5.06–1 of the Insurance Code.

We hold that, as a matter of law, coverage for Williams was excluded, and that Equitable's motion for summary judgment should have been granted and that of Williams denied. Tex.R.Civ.P. 434. All costs are taxed against Williams.

Reversed and rendered.