William Joseph BROACH and Sarah L. Broach, Appellants,

v.

MEMBERS INSURANCE COMPANY, Appellee.

No. 2521cv.

Court of Appeals of Texas, Corpus Christi.

Jan. 6, 1983.

Donald B. Dailey, Jr., Corpus Christi, for appellants.

Tom Hermansen, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and GONZALEZ, JJ.

OPINION

GONZALEZ, Justice.

This is an uninsured motorist case, tried upon an Agreed Statement of Facts. The sole issue before us is the validity of the policy exclusion when an insured is operating an owned but uninsured vehicle. The trial court upheld the validity of the exclusion and we affirm.

The facts which gave rise to this suit are as follows:

On March 18, 1979, a collision occurred between a motorcycle operated by plaintiff-appellant William J. Broach on which plaintiff-appellant Sarah L. Broach was a passenger and an automobile driven by an uninsured motorist. Plaintiffs had a family automobile policy with defendant-appellee, Members Insurance Company, naming a Subaru automobile as the insured vehicle. The motorcycle was not named in the policy as an insured vehicle. The negligence and damages were stipulated and it was also stipulated that the policy expressly excluded coverage of injuries sustained to an insured while "occupying a motor vehicle (other than an insured motor vehicle) owned by the named insured...."

Appellants contend that the exclusion is an invalid restriction of uninsured motorist coverage required by Art. 5.06–1 Tex.Ins. Code Ann (Vernon Supp.1981). However, in a well reasoned opinion with which we concur, this issue has already been resolved against appellants. *Equitable General Ins. Co. v. Williams,* 620 S.W.2d 608 (Tex.Civ. App.—Dallas 1981, writ ref'd n.r.e.).

The judgment of the trial court is affirmed.