Kathleen BEAUPRE, Independently and as Next Friend of Katrina Rene Beaupre, Appellant,

v.

The STANDARD FIRE INSURANCE COMPANY, Appellee.

No. 13-87-006-CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 28, 1987.

Rehearing Denied Sept. 17, 1987.

M. Lloyd Seljos, Judin, Barron & Seljos, McAllen, for appellant.

Frank I. Weathered, Brin & Brin, Corpus Christi, for appellee.

Before KENNEDY, UTTER and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

The appellant brought suit for underinsured motorist benefits, a claim for which the appellee refused based upon an exclusion in the policy. The appellant also brought suit for violations of the Insurance Code, the Deceptive Trade Practices Act, and for breach of duty of good faith and fair dealing, which causes of action are dependent on a determination that the appellee's refusal based on the exclusion is invalid. The trial court granted appellee's summary judgment, which appellee based on the exclusion in the policy. The appellant brings five points of error. We affirm the judgment of the trial court.

The facts in this case are not disputed and were generated largely through admissions. The appellant brought suit alleging that Katrina Beaupre, the minor child of Kathleen Beaupre was injured while riding in a Ford Bronco owned by her mother. The appellant alleges that the injuries were proximately caused by the negligence of Blanca Gobba, an underinsured motorist.

The Ford Bronco in which Katrina was a passenger was owned by the Beaupre family, but was not insured by Standard Fire Insurance Company, appellee. The Bronco was insured by National County Fire Insurance Company and the policy carried a $10,-000/$20,000, uninsured/underinsured motorist limit. Appellee did insure two automobiles owned by the Beaupre family, but neither were involved in the accident. At issue is the applicability of the following exclusion in the policy issued by appellee:

A. We do not provide uninsured/underinsured Motorists Coverage for any person:

1. For bodily injury sustained while occupying, or when struck by, any motor vehicle or trailer of any type owned by you or any family member which is not insured for this coverage under the policy.

In 1974, the Supreme Court of Texas decided *Westchester Fire Insurance Co. v. Tucker*, 512 S.W.2d 679 (Tex.1974). *Tucker* involved a plaintiff's attempt to "stack" policy limits. The plaintiff suffered injury in an owned and scheduled automobile, but attempted to recover twice the policy limit because two cars were insured under the policy, and premiums were paid for each car. The Court held that "the stated limits of a single multicar policy are not subject to stacking." *Id.* at 685. Although *Tucker* did not involve an "owned and unscheduled motor vehicle" situation, the Court held, "[W]e have concluded that the policy exclusion of injuries sustained by an insured while occupying an owned but unscheduled vehicle is ineffectual to the extent that it deprives a person of coverage required by [Tex.Ins.Code Ann. art. 5.06–1 (Vernon 1981)]."[1] *Id.* at 686 (opinion on motion for rehearing). It is this language that appellant claims invalidates the exclusionary clause relied upon by appellee.

However, the Dallas Court of Appeals then decided *Holyfield v. Members Mutual Insurance Co.*, 566 S.W.2d 28 (Tex.Civ. App.—Dallas), *writ ref'd n.r.e. per curiam*, 572 S.W.2d 672 (Tex.1978). In *Holyfield*, the Dallas Court upheld the validity of the "owned and unscheduled motor vehicle" exclusion which was the basis for a denial of personal injury protection.[2] The Dallas Court reasoned:

While we agree that Article 5.06–3 dictates the *type* of coverage which must be provided, it does not, by its terms, dictate *which* vehicles the policy must cover or prevent the insurer and insured from agreeing that only certain vehicles will be covered. An insurer is entitled to accurately reflect in the policy the risks being insured and to charge premiums based upon those risks.

566 S.W.2d at 29.

In its per curiam opinion in *Holyfield*, the Supreme Court expressly disapproved of *Western Alliance Insurance Co. v. Dennis*, 529 S.W.2d 838 (Tex.Civ.App.— Texarkana 1975, no writ), and its interpretation of *Tucker*. The Texarkana Court in *Dennis* held that *Tucker* expressly disapproved of "owned and unscheduled" exclusions as an unlawful restriction of uninsured motorist protection.

Relying on *Holyfield*, the Court in *Equitable General Insurance Co. v. Williams*, 620 S.W.2d 608, 611 (Tex.Civ. App.—Dallas 1981, writ ref'd n.r.e.), held that the "owned and unscheduled motor vehicle" exclusion in the uninsured motorist endorsement was "not an invalid denial or restriction of coverage as is required by art. 5.06–1 of the Insurance Code." In *Williams*, as in our case, the plaintiff was injured in an owned motor vehicle that was not scheduled for insurance with the defendant insurance company. There also, the defendant insurance company relied on an "owned and unscheduled motor vehicle" exclusion to deny uninsured motorist coverage, which the appellate court determined to be valid.

This Court, in *Broach v. Members Insurance Co.*, 647 S.W.2d 374, 375 (Tex.App.— Corpus Christi 1983, no writ), agreed with the *Williams* Court in upholding the validi-

1. Article 5.06–1, in pertinent part, provides: No automobile liability insurance … covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto … for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, or property damage resulting therefrom.

2. We recognize that *Holyfield* involved personal injury protection and not underinsured motorist coverage. However, Tex.Ins.Code Ann. art. 5.06–3 (Vernon 1981), regarding personal injury protection coverage, is almost identical in language to article 5.06–1 in its mandate of the specific coverage necessary.

ty of an "owned and unscheduled motor vehicle" exclusion to deny uninsured motorist coverage. Again, in a fact situation similar to the case at hand, the plaintiff was injured in an owned motor vehicle that was not scheduled for insurance with the defendant insurance company.

Therefore, following *Holyfield*, *Williams*, and *Broach*, we hold that the exclusionary clause is not an invalid denial of coverage as required by article 5.06–1 of the Insurance Code. We overrule appellant's first point of error.

We decline to address appellant's remaining points of error. These points involve appellant's claims of violations of the Insurance Code, Deceptive Trade Practices Act, and for breach of duty of good faith and fair dealing, which are all contingent upon a determination that the exclusionary clause is invalid and in violation of article 5.06–1. Tex.R.App.P. 90.

We affirm the judgment of the trial court.