**TEXAS FARMERS INSURANCE COMPANY, Appellant,**

v.

**Ruby McKINNON, Appellee.**

No. 09–90–223 CV.

Court of Appeals of Texas, Beaumont.

Dec. 19, 1991.

Rehearing Denied Jan. 23, 1992.

As Corrected Feb. 27, 1992.

Milton G. Shuffield and Elizabeth Pratt, Mehaffy & Weber, Beaumont, for appellant.

Joel Grossman and Jonathan Juhan, Waldman, Smallwood & Grossman, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a trial court judgment signed on the 19th day of October, 1990, awarding appellee the sum of $20,-000.00 representing full benefits from an underinsured motorist insurance policy wherein appellant, Texas Farmers Insurance Company, was the insurer.

It is from this judgment that Texas Farmers Insurance Company seeks their appeal.

Factually, appellee, Ruby McKinnon was involved in an automobile wreck with a vehicle driven by Michael Dwayne Ieans, who ran a stop sign and struck appellee's automobile. At the time of the occurrence, appellee was driving a 1988 Mercury Grand Marquis owned by her and insured by Members Mutual Insurance Company. Appellee also owned a 1976 Ford automobile which was insured by appellant herein, but said Ford automobile was not involved in this accident.

On April 24, 1989, appellee filed a law suit against Michael Ieans for injuries and also sued Members Mutual and appellant seeking underinsured motorist coverage under and from both policies.

Thelma Campbell was a passenger in appellee's vehicle. Thelma Campbell also sued Ieans for her injuries and her insurance company, Gulf Insurance, for underinsured motorist coverage. All parties settled their claims except McKinnon's claim against Farmers for underinsured motorist coverage.

Appellant denied coverage relying on an exclusionary provision contained in the policy of insurance existing between appellee and appellant. Appellant relies on that exclusion in the policy which reads as follows:

(A) We do not provide Uninsured/Underinsured Motorist Coverage for any person:

(1) For bodily injury sustained while occupying or when struck by, any motor vehicle or trailer of any type owned by you or any member which is not insured for coverage under this policy.

The case was submitted to the trial court on stipulated facts that appellee was injured while occupying a vehicle owned by her and insured by Members Mutual Insurance, but not scheduled for coverage under the insurance policy existing between appellee and appellant, Farmers Insurance Company. The trial court made findings of fact and concluded as a matter of law that the exclusion was inapplicable.

Appellant has made its appeal requesting that this Court reverse the trial court and render judgment in its favor.

The only issue to be addressed by this Court is whether the exclusion above quoted is legally enforceable. We believe that

to overrule appellant's sole point of error would place this opinion in direct conflict with the following opinions: *Holyfield v. Members Mut. Ins. Co.,* 572 S.W.2d 672 (Tex.1978); *Beaupre v. Standard Fire Ins. Co.,* 736 S.W.2d 237 (Tex.App.—Corpus Christi 1987, writ denied); *Berry v. Texas Farm Bureau Mut. Ins. Co.,* 782 S.W.2d 246 (Tex.App.—Waco 1989, writ denied); *Equitable General Ins. Co. v. Williams,* 620 S.W.2d 608 (Tex.App.—Dallas 1981, writ ref'd n.r.e.); and *Broach v. Members Ins. Co.,* 647 S.W.2d 374 (Tex.App.—Corpus Christi 1983, no writ).

*Beaupre, supra* had at issue the identical exclusionary provisions which we have above quoted. The Corpus Christi Court, in affirming the trial court granting of summary judgment in favor of Standard Fire Insurance Company, held:

"We hold that the exclusionary clause is not an invalid denial of coverage as required by Article 5.06–1 of the Insurance Code."

Since *Holyfield,* Texas Appellate Courts have consistently upheld the exclusion in suits involving uninsured/underinsured motorist coverage.

Appellee relies on *Stracener v. United Services Auto Ass'n,* 777 S.W.2d 378 (Tex. 1989) for the proposition that since the "stacking" of uninsured/underinsured policies was approved by our Supreme Court, that such holding is tantamount to holding the exclusion invalid. If appellee is correct, then we believe our Supreme Court would have been compelled to overrule those cases we have previously cited. We do not believe *Stracener* to be on point with the exclusion issue.

Appellant's point of error is sustained and the judgment of the trial court is reversed and judgment is rendered for the appellant, that appellee take nothing.

REVERSED AND RENDERED.