Ronnie **LAYTON**, Appellant,

v.

**MID–CENTURY INSURANCE COMPANY OF TEXAS,**
Appellee.

No. 09–99–527 CV.

Court of Appeals of Texas, Beaumont.

Submitted April 13, 2000.

Decided May 18, 2000.

Jon B. Burmeister, Moore Landrey, LLP, Beaumont, for appellant.

Kent Chambers, Chambers Templeton Cashiola, LLP, Beaumont, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

**OPINION**

DON BURGESS, Justice.

This appeal arises from a claim by Ronnie Layton for medical payments coverage

under an automobile insurance policy issued by Mid–Century Insurance Company of Texas. Competing motions for summary judgment were filed. The trial court granted Mid–Century's motion while denying Layton's. Layton appeals contending the trial court erred both in granting summary judgment in favor of Mid–Century and refusing to grant summary judgment in his favor.

Ronnie Layton was involved in a one-vehicle accident while driving his 1997 Chevrolet pickup. At the time of the accident, Layton had two separate vehicular insurance policies. One policy covered the truck and provided for $10,000 in medical payments coverage. The other policy covered an Acura and a Toyota and provided for $10,000 in medical payments coverage on each vehicle.

After the accident, the medical payment provision of the truck policy paid $10,000. Layton made demand upon Mid–Century to pay an additional $20,000 [1] (10,000 under the coverage for the Acura and $10,000 under the coverage for the Toyota). Mid–Century refused.

Mid–Century moved for summary judgment on the basis that Layton's medical expenses were sustained while he was occupying his 1997 Chevrolet truck and thus were not covered under the Acura/Toyota policy, which contains an owned and unscheduled motor vehicle exclusion provision. Alternatively, Mid–Century argued the terms and conditions of the Acura/Toyota policy limit liability to the maximum amount recoverable under either policy, which Layton has already received.

On appeal, Layton contends: (1) Texas law allows "stacking" of medical payments coverage in a situation such as the instant one; (2) the court should read the term "covered auto" as being any vehicle shown in the two declarations pages; and (3) regarding Mid–Century's claim that liability is limited to $10,000, Mid–Century has

waived any additional grounds to deny the claim.

■ The validity of owned and unscheduled motor vehicle exclusion provisions has been upheld in suits for both PIP and UM/UIM coverage. *See Holyfield v. Members Mutual Ins. Co.*, 572 S.W.2d 672, 673 (Tex.1978); *Conlin v. State Farm Mut. Auto. Ins. Co.*, 828 S.W.2d 332, 337 (Tex.App.—Austin 1992, writ denied); and *Texas Farmers Ins. Co. v. McKinnon*, 823 S.W.2d 345, 347 (Tex.App.—Beaumont 1991, writ denied). Both UM/UIM and PIP coverage are mandated by statute. *See* TEX. INS.CODE ANN. art. 5.06 (Vernon Supp.2000). We know no reason why the exclusion, which is valid in the context of these two mandated coverages, should be invalid in the context of medical payment coverage. Layton makes no argument that it is invalid, and we are aware of no case authority declaring it invalid. Consequently, we uphold the owned and unscheduled motor vehicle exclusion in suits involving medical payment coverage and find that in the present case the exclusion denies medical payment coverage under the Acura/Toyota policy.

■ Layton's injuries were sustained while occupying a vehicle owned by him, the insured, but not scheduled on the Acura/Toyota policy. Layton contends we should read the term "covered auto" in the Acura/Toyota policy to include the Chevrolet pickup. His contention is based upon the definition of "covered auto" in the policy as "[a]ny vehicle shown in the Declarations." Layton argues because the Chevrolet pickup is shown in the Declarations of the Chevrolet policy, it is a "covered auto" within the meaning of the Acura/Toyota policy. There were two policies and two separate declarations pages. Layton cites no authority, and we are aware of none, permitting this court to read those two policies as one.

Accordingly, we find the trial court did not err in granting Mid–Century's motion

---

1. Mid–Century does not dispute that Layton's    medical expenses exceeded $30,000.

for summary judgment. Issue one is over-ruled. It is therefore unnecessary to address Layton's other issue claiming the trial court erred in denying his motion for summary judgment. The judgment of the trial court is AFFIRMED.