# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

―――――――――

m 01-10269

―――――――――

MARY DOUGHTEN,

Plaintiff-Appellant,

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellee.

―――――――――――

Appeal from the United States District Court
for the Northern District of Texas
(4:00-CV-1799)

―――――――――――

February 6, 2002

Before SMITH and DEMOSS, Circuit Judges, and LAKE, District Judge.[*]

PER CURIAM:[**]

This appeal is intended to present two questions: (1) Can a district court decide legal issues at summary judgment? (2) Does the Texas Insurance Code permit an insurance contract to exclude coverage for an insured party's bodily injuries sustained while riding in an uninsured family member's car? We conclude that it is unnecessary to reach either issue, because the plaintiff, Mary Doughten,

―――――――――

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.

(continued...)

[**](...continued)
47.5.4.

waived those issues by failing to raise them in the district court.

## I.

Doughten was a passenger in her son-in-law's car when a third party rear-ended their vehicle, injuring her. Her son-in-law, James Gray, also was a member of Doughten's household. Defendant State Farm Mutual Automobile Insurance Company ("State Farm") insured her and her vehicle and insured Gray under a separate policy.

Doughten sought and recovered money from three sources: (1) The negligent driver's insurance carrier paid up to its third-party policy limits; (2) State Farm paid up to the limit of Gray's underinsured motorists policy; and (3) State Farm paid up to the limit of Doughten's Personal Injury Protection Policy. Doughten sought payment from State Farm under her Texas personal automobile policy for underinsured motorists. State Farm denied payment, and Doughten filed this suit in state court, seeking actual damages for breach of the insurance contract and extra-contractual damages pursuant to article 21.21 of the Texas Insurance Code. State Farm removed on the basis of diversity jurisdiction.

State Farm moved for summary judgment; Doughten did not respond. The court granted summary judgment based on a clause in the insurance policy that excludes payment for "bodily injury sustained while occupying, or when struck by, any motor vehicle or trailer of any type owned by you or any family member which is not insured for this coverage under the policy."

Doughten alleges two errors. First, she argues that declaratory judgment, rather than summary judgment, was proper. Second, she avers that the district court erred in giving effect to the exclusionary clause, because it violates Texas public policy.

## II.

Doughten's failure to respond to the motion for summary judgment means that she did not raise, in the district court, the issues she urges on appeal. Fifth Circuit cases do not consistently describe the standard for considering an issue raised for the first time on appeal. Some panels have stated that we need not do so "unless it is a purely legal issue *and* our refusal to consider it would result in a miscarriage of justice." *E.g., Heci Exploration Co. v. Holloway*, 862 F.2d 513, 518 & n.7 (5th Cir. 1988) (emphasis added). More recently, panels have explained that this court can consider an issue for the first time on appeal if "the issue presents a pure question of law *or* [is] an issue which, if ignored, would result in a miscarriage of justice." *E.g.*, *United States ex rel. Wallace v. Flintco, Inc.*, 143 F.3d 955, 971 (5th Cir. 1998) (emphasis added). We need not resolve the conflict to decide whether Doughten can make new arguments on appeal, because she failed to respond to the summary judgment motion altogether.

The courts of appeals retain broad discretion to hear issues not presented to the district court.[1] On the facts of this case, we will not exercise that discretion, for to do so would interfere with the managerial role of the district court and would confuse our position

---

[1] *Singleton v. Wulff*, 438 U.S. 106, 121 (1978) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases."); *Heci*, 862 F.2d at 518 & n.7 (same).

with that of the district court.

When a party fails to file *any* response to a summary judgment motion or offer an excuse for its failure, the district court should not face reversal based on novel issues. At summary judgment, Doughten failed to make any legal arguments or identify the fact issues necessary to justify a trial. Her error went far beyond the failure to raise a single legal argument and more resembles the failure to raise an entire claim or defense. We have previously ignored defenses when argued for the first time on appeal.[2]

On appeal, Doughten does not even offer an excuse for failing to respond to the summary judgment motions. Her failure to respond should not permit her, effectively, to circumvent the district court entirely. When exercising our discretion to hear issues first raised on appeal, we should consider how it would affect judicial economy and management. *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1146 (5th Cir. Unit A Sept. 1981).

The risk of interfering with the district court's ability to resolve cases at summary judgment outweighs the slight chance of injustice posed by denying Doughten's new and dubious arguments. Even if we were to consider Doughten's issues on the merits, however, State Farm would prevail, for the reasons cogently set forth by the district court.

## III.

Doughten alleges that the court should have resolved the legality of the contract's exclusionary clause through a declaratory judgment action rather than at summary judgment. Doughten misunderstands the nature of a motion for summary judgment.

Summary judgment is appropriate if the evidence on record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating an absence of evidence supporting the nonmovant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the nonmovant bears the burden of proving the issue at trial, the movant merely can point to the absence of evidence in the record. *Id.* at 323-24. The nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial.[3]

Courts should resolve disputed legal issues at summary judgment, even though they lack the power to resolve factual disputes.[4] The

---

[2] *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 913 (5th Cir. 2000) (refusing to consider a limitations argument that the party had failed to raise when briefing a motion for summary judgment). *Cf. Hinsley v. Boudloche*, 201 F.3d 638, 645 (5th Cir. 2000) (refusing to consider plaintiff's arguments for tolling the statute of limitations where she had not raised them at summary judgment).

[3] *Webb v. Cardiothoracic Surgery Assocs, P.A.*, 139 F.2d 532, 536 (5th Cir. 1998); *Figgie Int'l, Inc. v. Bailey*, 25 F.3d 1267, 1269-70 (5th Cir. 1994).

[4] *Hang On, Inc. v. City of Arlington*, 65 F.3d 1248, 1257 (5th Cir. 1995) (explaining power of district court to evaluate legal theory's merits at summary judgment); *Neff v. Am. Dairy Queen Corp.*, 58 F.3d 1063, 1065 (5th Cir. 1995) (holding that district court properly resolved question of (continued...)

district court correctly chose to resolve the legal issue of the exclusionary clause's validity at summary judgment. We review that decision *de novo*. *Rushing v. Kan. City S. Ry.*, 185 F.3d 496, 504 (5th Cir. 1999).

IV.

Texas Insurance Code article 5.06-1 requires automobile liability insurance to include coverage against uninsured and underinsured motor vehicles. The insured can waive such coverage in writing. TEX. INS. CODE ANN. art. 5.06-1 (Vernon 1981). Doughten argues that this statutory requirement creates an amorphous public policy that invalidates State Farm's exclusionary clause.

The language of the statute presents the first major obstacle for Doughten. The statute provides that "[t]he coverages required under this Article shall not be applicable where any insured named in the policy shall reject the coverage in writing." *Id.* Because the statute expressly permits waiver, Doughten would have to advance a unique reason that waivers of claims against uninsured family members violate public policy. She fails to do so.

Several Texas courts of appeals have ruled that an insurance company can lawfully disclaim uninsured motorists liability for accidents involving uncovered family members.[5] This rule is consistent with an unbroken line of cases holding that insurers lawfully can exclude some of a family's vehicles from coverage.[6]

Doughten relies on two cases to show that the exclusion violates Texas public policySS*Stephens v. State Farm Mut. Auto. Ins. Co.*, 508 F.2d 1363 (5th Cir. 1975), and *Briones v. State Farm Mut. Auto. Ins. Co.*, 790 S.W.2d 70 (Tex. App.SSSan Antonio 1990, writ denied). Neither is good law.

In *Stephens*, 508 F.2d at 1367, we held that

---

[4](...continued) contract interpretation at summary judgment because it was a legal issue).

[5] *Reyes v. Tex. All Risk Gen. Agency, Inc.*, 855 S.W.2d 191, 191-92 (Tex. App.SSCorpus Christi 1993, no writ) (upholding identical clause); *State* (continued...)

[5](...continued) *Farm Mut. Ins. Co. v. Conn*, 842 S.W.2d 350, 351-52 (Tex. App.SSTyler 1993, writ denied) (enforcing clause excluding uninsured family members' cars from coverage against underinsured motorists); *Tex. Farm Bureau Mut. Ins. Co. v. Tatum*, 841 S.W.2d 89, 92 (Tex. App.SSTyler 1992, writ denied) (same); *Tex. Farmers Ins. Co. v. McKinnon*, 823 S.W.2d 345, 346-47 (Tex. App.SSBeaumont 1992, writ denied) (same).

[6] *Holyfield v. Members Mut. Ins. Co.*, 572 S.W.2d 672, 673 (Tex. 1978) (establishing rule that insurer can refuse to insure certain vehicles consistent with Texas statute requiring liability insurance); *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 868 S.W.2d 861, 868-69 (Tex. App.SSDallas 1994, no writ); *Conlin v. State Farm Auto. Ins. Co.*, 828 S.W.2d 332, 336-37 (Tex. App.SSAustin 1992, writ denied); *Harwell v. State Farm Mut. Auto. Ins. Co.*, 782 S.W.2d 518, 520 (Tex. App.SSHouston [1st Dist.] 1990, no writ); *Berry v. Tex. Farm Bureau Mut. Ins. Co.*, 782 S.W.2d 246, 247 (Tex. App.SSWaco 1989, writ denied); *Beaupre v. Standard Fire Ins. Co.*, 736 S.W.2d 237, 238 (Tex. App.SSCorpus Christi 1987, writ denied); *Broach v. Members Ins. Co.*, 647 S.W.2d 374, 375 (Tex. App.SSCorpus Christi 1983, no writ); *Stagg v. Travelers Ins. Co.*, 486 S.W.2d 399, 402-04 (Tex. Civ. App.SSBeaumont 1972, no writ).

4

Texas law prohibited an insurer from excluding some of an insured's vehicles from uninsured motorists policies while covering other vehicles. We recognized that two intermediate appellate courts had reached the opposite conclusion but interpreted *dictum* from the Texas Supreme Court as leaning toward invalidity. *Id.*

We no longer need to rely on *dictum*, however, because the Texas Supreme Court has held such clauses valid. *Holyfield*, 572 S.W.2d at 673. We recognized the change in state law and upheld a vehicle exclusion in *American Economy Insurance Co. v. Tomlinson*, 12 F.3d 505, 509 (5th Cir. 1994).

In *Briones*, the court invalidated an exclusionary clause in an underinsured motorists insurance contract, 790 S.W.2d at 74, that barred insureds from recovering if the vehicle was "available for" the insured's "regular use," *id.* at 71. The court characterized the question on appeal as a factual dispute over whether the plaintiff had used the truck "regularly." *Id.* at 72. Despite evidence that he had used it regularly over five years, the court allowed recovery. *Id.* at 74. The court relied heavily on *Stephens* and on an interpretation of a Texas Supreme Court case later rejected in *Holyfield*. *Id.* *See Holyfield*, 572 S.W.2d at 673. The court emphasized that the employer had provided the vehicle and that courts should make this determination on a case-by-case basis. *Briones*, 790 S.W.2d at 74.

We conclude that the Texas Supreme Court would at least restrict *Briones* to its facts. The authorities that *Briones* relies on have since been discredited, and *Briones* itself describes a very limited holding. *Briones* does not extend to invalidate waivers of claims against uninsured family members. The weight of authority by Texas's intermediate appellate courts favors validity.[7] The district court properly upheld the validity of the exclusionary clause at summary judgment.

AFFIRMED.

---

[7] Cases cited *supra* note 5.