11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
Letha Bradshaw 
            Appellant
Vs.            No. 11-03-00290-CV -- Appeal from Jones County
Horace Mann Insurance Company and Lucy K. Wood 
            Appellees
 
            Letha Bradshaw brought this action against Horace Mann Insurance Company and Lucy K.
Wood. She sought to recover uninsured motorist (UIM) benefits under two insurance policies that
Horace Mann had issued. Horace Mann and Wood moved for a no-evidence summary judgment. 
They contended that the policies had been cancelled for nonpayment of premiums before the date
of the accident in question. The trial court granted summary judgment to Horace Mann and Wood.
We affirm.
Background Facts
            Horace Mann issued Policy Nos. 42-55298290 and 42-55298310 to Bradshaw. Policy No.
42-55298290 covered a 2000 Ford pickup; Policy No. 42-55298310 covered a 1971 van. 
            On January 5, 2001, Bradshaw was involved in a motor vehicle accident while she was
driving the 2000 Ford pickup. She contended that, as a result of the accident, she was entitled to
recover UIM benefits under both policies. Horace Mann and Wood contended that neither policy
was in effect on the date of the accident because the policies had been cancelled for nonpayment of
premiums on January 3, 2001.
            The policy insuring the 1971 van (Policy No. 42-55298310) excluded UIM coverage as
follows: 
For bodily injury sustained while occupying, or when struck by, any motor vehicle
or trailer of any type owned by you or any family member which is not insured for
this coverage under this policy.
Horace Mann and Wood contended that this exclusion applied because Bradshaw’s 2000 Ford
pickup was not insured for UIM coverage under Policy No. 42-55298310. Bradshaw contended that
this exclusion was invalid.
Issues Presented
            Bradshaw presents four issues for review. In her first three issues, she argues that the trial
court erred in granting summary judgment to Horace Mann and Wood. In her fourth issue, she
argues that the exclusion in question in Policy No. 42-55298310 is invalid.
Standard of Review
            Horace Mann and Wood sought a no-evidence summary judgment on the ground that there
was no insurance policy in effect on January 5, 2001, that would have afforded coverage to
Bradshaw. The trial court must grant a no-evidence motion for summary judgment unless the non-movant produces evidence that raises a genuine issue of material fact on the challenged element of
his claim or defense. TEX.R.CIV.P. 166a(i). The appellate court reviews evidence presented in
response to a motion for a no-evidence summary judgment in the same way it reviews evidence
presented in support of, or in response to, a motion for traditional summary judgment: it accepts as
true evidence favorable to the non-movant and indulges every reasonable inference and resolves all
doubts in favor of the non-movant. Hight v. Dublin Veterinary Clinic, 22 S.W.3d 614, 619
(Tex.App. - Eastland 2000, pet’n den’d). The appellate court reviews, however, only evidence
presented by the non-movant. Rule 166a(i); Hight v. Dublin Veterinary Clinic, supra at 618-19. If
the non-movant presents more than a scintilla of evidence on the disputed element, a no-evidence
summary judgment is improper. Hight v. Dublin Veterinary Clinic, supra; Denton v. Big Spring
Hospital Corporation, 998 S.W.2d 294, 298 (Tex.App. - Eastland 1999, no pet’n); cf. Merrell Dow
Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706 (Tex.1997), cert. den’d, 523 U.S. 1119 (1998).
The Insurance Policies
            Bradshaw had the summary judgment burden to establish that the policies were in force and
effect at the time of the alleged loss. Southern County Mutual Insurance Company v. Dekle, 593
S.W.2d 131, 133 (Tex.Civ.App. - Waco 1979, no writ). To meet this burden, she had to prove the
existence of the insurance policies sued upon and her compliance with the terms of the policies
(payment of premiums). St. Paul Insurance Company v. Rakkar, 838 S.W.2d 622, 629 (Tex.App. -
Dallas 1992, writ den’d). Bradshaw did not produce any summary judgment evidence that she paid
the premiums in a timely manner under either of the policies. Therefore, she failed to meet her
summary judgment burden of raising a fact issue on whether the policies were in force and effect at
the time of the accident in question.
            On appeal, Bradshaw argues that the summary judgment evidence raised fact issues on the
following issues: (1) whether Horace Mann waived its claim that the policies were cancelled, and
(2) whether Horace Mann is estopped from claiming that the policies were cancelled. Bradshaw
produced summary judgment evidence that, on several occasions, she made premium payments for
the policies after the stated due date for the premiums. She contends that a course of dealing existed
under which Horace Mann frequently accepted late premium payments from her without cancelling
the insurance policies. Based on the course of dealing, Bradshaw asserts that Horace Mann waived
its claim that the policies were cancelled and is estopped from claiming that the policies were
cancelled.
            Bradshaw failed to plead waiver or estoppel in the trial court, nor did she raise waiver and
estoppel in response to Horace Mann’s and Wood’s motion for summary judgment. Waiver and
estoppel are affirmative defenses and, therefore, must be pleaded in the trial court. TEX.R.CIV.P.
94; R.I.O. Systems, Inc. v. Union Carbide Corporation, 780 S.W.2d 489, 492 (Tex.App. - Corpus
Christi 1989, writ den’d). By failing to plead her waiver and estoppel defenses, Bradshaw did not
preserve error on the defenses. R.I.O. Systems, Inc. v. Union Carbide Corporation, supra.
            The trial court’s granting of summary judgment to Horace Mann and Wood was proper. 
Bradshaw’s first three issues are overruled.
The Exclusion
            In her fourth issue, Bradshaw argues that the policy exclusion in question is invalid because
it violates public policy. We disagree. Texas courts have held that the exclusion is valid. Berry v.
Texas Farm Bureau Mutual Insurance Company, 782 S.W.2d 246, 246-47 (Tex.App. - Waco 1989,
writ den’d); Broach v. Members Insurance Company, 647 S.W.2d 374 (Tex.App. - Corpus Christi
1983, no writ); Equitable General Insurance Company v. Williams, 620 S.W.2d 608, 609-11
(Tex.Civ.App. - Dallas 1981, writ ref’d n.r.e.). Bradshaw’s fourth issue is overruled.
This Court’s Ruling
            The judgment of the trial court is affirmed. 
 
                                                                                                TERRY McCALL 
                                                                                                JUSTICE
 
March 24, 2005
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.