**MID–WESTERN LIFE INSURANCE COMPANY OF TEXAS, Petitioner,**

v.

**Larry GOSS et ux., Respondents.**

No. B–6582.

Supreme Court of Texas.

June 8, 1977.

O. Joseph Damiani, J. Michael Cunningham, Houston, for petitioner.

Gordon Wellborn and Rex Houston, Blake Bailey, Henderson, for respondents.

SAM D. JOHNSON, Justice.

Larry and Ann Goss brought this action against Mid-Western Life Insurance Company asserting that the Company had breached an insurance contract by refusing to pay their claim for hospitalization benefits. Mid-Western maintained that Ann Goss' hospitalization for appendicitis was not covered by its policy. At trial Mid-Western's motion for an instructed verdict in its favor was granted. The court of civil appeals reversed and remanded concluding that there was sufficient evidence to require the submission to the jury of the issue of whether the policy did indeed cover hospitalization for appendicitis. 545 S.W.2d 878. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

In November 1974 Mr. and Mrs. Goss applied for hospitalization coverage with Mid-Western. Mrs. Goss informed Mid-Western's agent that she had had a history of stomach problems which included severe stomach pains and vomiting. The agent then added an exclusion to the policy which provided that "it [the policy] does not cover loss resulting directly or indirectly from 1) any disease or disorder of the gastro-intestinal tract, any complications thereof, treatment or operation therefor. . . ."

On February 1, 1975 the policy went into effect and on February 16, 1975 Mrs. Goss had surgery to remove her appendix. The couple submitted a claim to Mid-Western, but it refused to pay on the basis of the quoted exclusion contending that the appendix was part of the "gastro-intestinal tract."

At trial the only issue was whether the exclusion in the policy precluded recovery for appendicitis. The deposition testimony of two physicians was admitted into evidence. Dr. Braswell, Mrs. Goss' local doctor, described the "gastro-intestinal tract" as follows:

"The gastro-intestinal tract begins with the intake of food, which passes across the lips and into the oral cavity, the mouth, and is propelled down the pharynx by the tongue, the food then goes into the esophagus, and is propelled into the stomach, in which it is mixed with enzymes and acids of digestion. It is then emptied into the small bowel, where digestion is completed, and the contents of the food then empties into the colon, which is propelled into the rectum, and evacuated through the anus. This is the gastro-intestinal system, there are allied associated parts of the gastro-intestinal system, which would include the pancreas and the gall bladder and ducts, which are included in the gastro-intestinal system."

Dr. Haygood, the surgeon who removed Mrs. Goss' appendix, defined the "gastro-intestinal tract" in the following manner:

"Well, gastro means stomach. Intestinal means intestine, so the word 'gastro-intestinal' could strictly be limited to mean the stomach and the intestine, although when one speaks of the gastro-intestinal tract or GI tract, this generally refers to the entire alimentary canal, which starts with the mouth, the pharynx, the esophagus, the stomach, the entire small intestine, the entire large intestine, the rectum and ending at the anus. Embryologically, the appendix rises with the cecum, which is the right portion of the large intestine, and it communicates with and is a part of the gastro-intestinal tract."

No other evidence or testimony was admitted at trial from which the instant cause might be resolved.

■ It is clear that the burden of proof was on the plaintiffs, Ann and Larry Goss, to prove that the appendix was *not* part of the "gastro-intestinal tract" and that therefore an appendectomy was *not excluded* by

the aforementioned limitation contained in Mid-Western's policy and pleaded as a defense by the Company. *Sherman v. Provident American Insurance Company*, 421 S.W.2d 652 (Tex.1967).

■ In reviewing the correctness of this instructed verdict by the trial court, the standard to be applied is whether there is contained in the record evidence of probative force that the expenses of an appendectomy were covered by the policy. In deciding this question, the evidence is to be considered in its most favorable light in support of Ann and Larry Goss' cause of action. *Anderson v. Moore*, 448 S.W.2d 105 (Tex.1969).

A careful examination of the testimony of Dr. Braswell reveals that he neither includes nor excludes the appendix from the "gastro-intestinal tract." There is simply no reference to the appendix. This testimony thus does not provide any basis for a jury to reasonably conclude and find that the appendix was not a part of the "gastro-intestinal tract."

■ Dr. Haygood's testimony stands on a somewhat different basis. Dr. Haygood indeed stated that "gastro-intestinal" could mean merely the stomach and the intestine. However, he went on to state that "the appendix rises with the cecum, which is the right portion of the large intestine, and *it communicates with and is a part of* the gastro-intestinal *tract.*" [Emphasis added.] This testimony is contradictory of the contention made by Ann and Larry Goss and would not be such as to allow a jury to reasonably conclude that the appendix was not part of the "gastro-intestinal tract."

Since there is no evidence of probative force in the record to justify a jury finding that the appendix is not part of the "gastro-intestinal tract" and therefore conclude that an appendectomy was covered by the policy, it was proper for the trial court to direct a verdict for Mid-Western.

We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.