**M–C INDUSTRIES, INC., et al., Appellants,**

v.

**FEDERAL INSURANCE COMPANY et al., Appellees.**

**No. 1743.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 1, 1978.

Rehearing Denied Feb. 22, 1978.

William A. Harrison, William J. Eggleston, Ross, Griggs & Harrison, Houston, for appellants.

Charles D. Boston, Russell H. McMains, Sim T. Lake, III, Fulbright & Jaworski, Gay C. Brinson, Jr., Vinson & Elkins, Houston, for appellees.

COULSON, Justice.

Appellants, Procon, Inc. and M–C Industries, Inc., filed suit against appellees, Federal Insurance Company and The Fidelity and Casualty Company of New York, for recovery on two identical insurance contracts which protected all construction equipment owned, leased, or rented by Procon. Procon made its claim as a result of the damage done to a 4100W Manitowoc lift crane in an accident that occurred while the crane was being operated by a Procon employee at a Texas City jobsite. The crane had been leased by Procon from M–C Industries, the crane's owner.

The insurance policy in question protected against "all risks of direct physical loss of or damage to the . . . property, except as provided elsewhere in [the] policy." The appellee insurers denied coverage, arguing that under exclusion (c) the policy did not insure "against loss or damage occasioned by the weight of a loan exceeding the registered lifting or supporting capacity of any machine." At the close of the plaintiffs' case, the insurers moved for an instructed verdict on the ground that there was no evidence to establish the inapplicability of the pleaded exclusion; the court granted this motion and entered a take-nothing judgment against Procon and M–C Industries, from which action they appeal.

The major controversy in this case has involved the meaning of the language used in the exclusion: "a load exceeding the registered lifting or supporting capacity of any machine." The appellee insurers insist that this unambiguously refers to lifts in excess of the crane manufacturer's load chart specifications, an amount which varies with the manner in which the crane is outfitted (length of boom, angle of elevation, etc.), while the appellant insureds argue that it refers to the maximum lift value attainable with the particular crane when properly rigged, an amount fixed for this machine at two hundred tons.

Our examination of the language in exclusion (c) convinces us that it is ambiguous, which is to say, that it is subject to several reasonable interpretations, including the one urged by the appellant insureds. That being the case, the insureds' interpretation must be adopted since exceptions, exclusions, and limitations are strictly construed against insurers. Courts must adopt the construction of an exclusionary clause urged by the insured, provided that construction is not itself unreasonable, even if the construction urged by the insurer appears to be more reasonable or to more accurately reflect the parties' intent. If the language of an insurance contract is ambiguous, then the court will adopt such reasonable construction as affords coverage. *Glover v. National Ins. Underwriters*, 545 S.W.2d 755, 761 (Tex.Sup.1977).

In any event, even if the insurers' interpretation of the language in exclusion (c) were to be adopted, the trial court erred in instructing a verdict since there was a question of fact as to the cause of the accident. There was evidence which indicated that the accident was occasioned by lowering the boom too quickly for the operator to maintain control and not occasioned by overloading. For this additional reason the judgment of the trial court must be reversed.

Reversed and remanded for trial consistent with this opinion.