Gary McFADDEN, Appellant,

v.

AMERICAN UNITED LIFE INSURANCE COMPANY, Appellee.

No. 2–82–078–CV.

Court of Appeals of Texas,
Fort Worth.

Nov. 24, 1982.

Rehearing Denied Dec. 23, 1982.

David F. Farris, Fort Worth, for appellant.

Seay, Gwinn, Crawford, Mebus & Blakeney, and Charles L. Perry, Dallas, for appellee.

Before MASSEY, C.J., and JORDAN and RICHARD L. BROWN, JJ.

OPINION

RICHARD L. BROWN, Justice.

This is an appeal from a take nothing summary judgment in favor of defendant, American United Life Insurance Company, hereinafter referred to as appellee, against plaintiff, Gary McFadden, hereinafter referred to as appellant.

We affirm.

Appellant was insured on a group medical insurance policy as an employee of Oil States Rubber Company. Appellee was the health and medical insurer. Appellant suffered from a condition termed "retrographic mandible", which essentially means that his lower jaw was shorter than his upper jaw. The material result of this condition was that appellant could not properly chew food because of an improper mesh of the upper and lower teeth. Dr. Carroll R. Carver, D.D.S., performed oral surgery upon appellant to correct the improper occlusion. The surgical procedure employed by Dr. Carver involved splitting the lower jaw and allowing it to heal in an advanced position, thus creating a longer lower jaw. Appellant filed a claim with appellee to recover the expenses of the oral surgery. Appellee denied the claim on the basis that it was not covered under the policy, which provides in part: "This insurance does not provide any benefits for charges . . . incurred for dentures, dentistry or dental surgery, except as required for treatment of accidental injuries to natural teeth." The major medical

rider supplement contains a like provision. It is undisputed that the treatment was not for accidental injuries to appellant's natural teeth.

Appellant instituted this suit for recovery under the policy which appellee had denied. Appellee filed its motion for summary judgment supported by affidavit, the applicable policy provisions, and a deposition containing the expert testimony of Neil W. Sternberg, D.D.S. Appellant responded to appellee's motion by answer and an affidavit of Dr. Carver in support thereof. Following a hearing on the motion and based upon the summary judgment proof before it, the trial court rendered summary judgment for appellee.

 Appellant contends on appeal that the trial court erred in granting the summary judgment because a genuine issue of fact exists regarding the scope of the policy coverage in question. Appellant also contends for the first time on appeal that the summary judgment violates Tex.Ins.Code. Ann. art. 3.70–2(B) (1981). Appellant's failure to present the latter argument to the trial court in opposition to appellee's motion for summary judgment precludes our consideration of it on appeal. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

The sole issue before us therefore, is whether the surgery performed on appellant is excluded under the policy as a matter of law.

Dentistry has been defined by statute and reiterated in at least one case as "undertaking and offering to diagnose, treat, operate or prescribe by any means or methods for any disease, pain, injury, deficiency, *deformity,* or *physical condition* of the human teeth, oral cavity, alveolar process, gums or *jaws.*" [Emphasis added.] *Kelley v. Texas State Board of Medical Examiners,* 467 S.W.2d 539, 542 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n.r.e.) *cert. denied,* 405 U.S. 1073, 92 S.Ct. 1494, 31 L.Ed.2d 807 (1972); Tex.Rev.Civ.Stat.Ann. art. 4551a(2) (1982).

We find that the surgery in question is excluded as a matter of law under the policy which excludes "dentistry or dental surgery." Appellant's point of error is overruled.

The judgment of the trial court is affirmed.