Gary McFADDEN, Petitioner,

v.

AMERICAN UNITED LIFE INSUR-
ANCE COMPANY, Respondent.

No. C–1837.

Supreme Court of Texas.

July 13, 1983.

David F. Farris, Fort Worth, for petition-
er.

Seay, Gwinn, Crawford, Mebus & Blake-
ney, Charles L. Perry, Dallas, for respon-
dent.

SPEARS, Justice.

Gary McFadden brought suit against
American United Life Insurance Company
(American) to recover the expenses he in-
curred for oral surgery to repair a "retro-
graphic mandible." The trial court granted
summary judgment in favor of American.
The court of appeals affirmed. 643 S.W.2d
232 (1982). We reverse the judgment of
the court of appeals, and remand the cause
for a trial on the merits.

McFadden was an employee of Oil States
Rubber Company. American was Oil
States' health and medical insurer. McFad-
den suffered from a condition known as
"retrographic mandible," whereby his lower
jaw was shorter than his upper jaw. As a
result, food could not be properly chewed
because his upper and lower teeth were not
properly aligned. Dr. Carroll R. Carver,
D.D.S., performed oral surgery on McFad-
den to correct the improper alignment. Dr.
Carver's procedure was to split the lower
jaw into three pieces so that it could heal in
an advanced position, thus creating a longer
lower jaw.

McFadden filed a claim with American to
recover the expenses of the surgery.
American denied the claim on the basis that
the surgery was not covered under the poli-
cy. The policy provides:

> This insurance does not provide any bene-
> fits for charges ... incurred for den-
> tures, dentistry or dental surgery, except
> as required for treatment of accidental
> injuries to natural teeth.

McFadden then instituted this suit for
recovery under the policy. American filed
a motion for summary judgment based on
the terms of the policy and the deposition of
Dr. Sternberg, D.D.S. It was Dr. Stern-
berg's opinion that the procedure was den-
tal surgery. McFadden's answer to the mo-
tion for summary judgment included an
affidavit of Dr. Carver who felt the surgical
procedure he performed was oral surgery
upon the mandible, and should be covered
under the policy. The trial court rendered
summary judgment for American.

In order to uphold a summary judgment the moving party must establish that as a matter of law there are no genuine issues of fact. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589, 591 (Tex. 1975). The issue here is whether the procedure performed on McFadden is excluded under the insurance policy. We hold this presents a question of fact. *See Mid-Western Life Insurance Co. of Texas v. Goss,* 552 S.W.2d 430, 432 (Tex.1977). American has not shown as a matter of law that the surgery on McFadden's jaw was excluded under the policy. American's motion for summary judgment contained the deposition of Dr. Sternberg who testified that the purpose of the surgery was to realign the teeth so the treatment of McFadden was not covered under the policy. Dr. Carver's affidavit in McFadden's answer described the procedure as an operation on the mandible and had nothing to do with the teeth. These conflicting affidavits present a fact question of whether or not the procedure was excluded under the insurance policy. The trial court, therefore, erred in granting summary judgment for American.

The judgment of the court of appeals is reversed, and the cause is remanded to the trial court for a trial on the merits.