**Sukhedev DHILLON, Appellant,**

v.

**GENERAL ACCIDENT INSURANCE COMPANY, Appellee.**

**No. C14–89–00945–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 15, 1990.

---

Jack Swisher, Houston, for appellant.

John R. Guest, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from a summary judgment in favor of an insurance company which had denied the insured appellant his claimed benefits under an "uninsured motorist" clause in a Texas standard auto policy. Appellant brings a single point of error alleging the court below improperly found his claim for benefits was excluded by the terms of the policy. We reverse and remand.

Appellant's brief verifies certain information contained in the motion for summary judgment filed by the appellee. Appellant was insured by appellee General Accident Insurance Company under a standard Texas automobile policy in which an uninsured/underinsured clause appears along with the following exclusionary exception:

> We do not provide uninsured/underinsured motorist coverage for any person:
> 3. When your covered auto is being used to carry persons or property for a fee.

It seems undisputed that appellant was in his car returning to his place of employment, Domino's Pizza, after having made a delivery to a customer. He was hit from the rear by an uninsured motorist. Personal injuries resulted. Appellant filed suit against the other motorist and appellee. After appellee's motion for summary judgment was granted, appellant moved to sever appellee from the case in order to obtain a final judgment from which to make this appeal.

Appellant claims that he must actually have had property in his vehicle being carried for a fee at the very moment of the accident in order for the policy exclusion properly to deny him his claim. Appellant cites a number of cases to argue that exclusionary clauses in Texas insurance policies must be strictly construed against the insurer[1]. In particular, appellant cites *Glover v. National Insurance Underwriters*, 545 S.W.2d 755, 761 (Tex.1977), in which it was held that the construction of an exclusionary clause was properly held in favor of the insured as long as that construction was not itself unreasonable, even if the construction urged by the insurance company appeared to be more reasonable or a more accurate reflection of the parties' intent.

*Glover* does not apply. That holding was based on the existence of several possible reasonable interpretations of the language of the insurance policy in question. Here we have but one possible construction. Either the insured appellant was carrying property for a fee when his injury occurred, or he wasn't.

There is no summary judgment proof in the record to show that appellant was in fact carrying property for a fee. However, it seems reasonable that the delivery of pizza to a customer (for a fee) would necessarily include a return trip by the delivery person then in possession of

---

1. *Barnett v. Aetna Life Insurance Co.,* 723 S.W.2d 663 (Tex.1987); *Mid–United Contractors, Inc. v. Providence LLoyds Insurance Co.,* 754 S.W.2d 824 (Tex.App.—Fort Worth 1988, writ denied); *INA of Texas v. Leonard,* 714 S.W.2d 414 (Tex.App.—San Antonio 1986, writ ref'd n.r. e.); *Aetna Fire Underwriters Insurance Co. v. Southwestern Engineering Co.,* 626 S.W.2d 99 (Tex.App.—Beaumont 1981, writ ref'd n.r.e.); *M–C Industries, Inc. v. Federal Insurance Co.,* 562 S.W.2d 30 (Tex.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.).

the proceeds of the sale of the pizza. Those proceeds would be either in currency, on a charge account claim, or on a credit card charge. The currency or the claim against the customer would be "property" within the broad definition honored by Texas courts. *See Davis v. Davis*, 495 S.W.2d 607, 611 (Tex.Civ.App.—Dallas 1973, writ dism'd). This theory was not raised in the motion for summary judgment and may not be inferred by this court. The judgment of the trial court cannot be affirmed on any grounds not specifically presented in the motion for summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 675 (Tex.1979).

A summary judgment is not entitled to the same deference given to a judgment following a trial on the merits. Unlike an appeal following a trial on the merits, when reviewing a summary judgment, the appellate court does not view the evidence in the light most favorable to the judgment of the trial court. Instead, this court must view the evidence in favor of the nonmovant, resolving all doubts and indulging all reasonable inferences in favor of reversal of the summary judgment. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 549 (Tex.1985); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.1952).

At either the trial or appellate level, the question is not simply whether the non-movant raised a material fact issue to defeat the motion. Unless the movant proved beyond question it was entitled to judgment *as a matter of law*, this court must remand the case for a trial on the merits. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828–829 (Tex.1970). The standards that must be applied when reviewing a summary judgment have been clearly mandated by the Texas Supreme Court in *Nixon v. Mr. Property Management*, 690 S.W.2d at 548:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management*, 690 S.W.2d at 548–549; *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 592–93 (Tex. 1975).

Further, this court must not consider evidence that favors the movant unless it is uncontroverted. *Great American Reserve Co. v. San Antonio Plumbing Supply*, 391 S.W.2d 41, 47 (Tex.1965). While the motion for summary judgment in this case was unrebutted, appellant's original petition sets forth the controversy over whether insurance coverage exists.

■ Since there is no summary judgment proof in the record to show that appellant was excluded from coverage under the policy or that appellee was entitled to summary judgment as a matter of law, the summary judgment for appellant will not stand on its own merits. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). While the non-movant must expressly present the trial court any factual reasons for setting aside a summary judgment, this requirement does not extend to an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment. *Id.* at 678.

The judgment of the trial court is reversed and the case is remanded for trial on the merits.