**Rosemary REYES, Appellant,**

v.

**TEXAS ALL RISK GENERAL AGENCY, INC. and NGC County Mutual Insurance Company, Appellees.**

No. 13–92–070–CV.

Court of Appeals of Texas, Corpus Christi.

May 27, 1993.

Tony Diaz, Diaz, Tirrez & Associates, Austin, for appellant.

Tom Hermansen, Raymond C. Alexander, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellees.

Before FEDERICO G. HINOJOSA, Jr., SEERDEN and DORSEY, JJ.

OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Appellant sued appellees for breach of contract, breach of the duty of good faith and fair dealing, and violating the insurance code. Appellees moved for summary judgment on the ground that appellant's claims were expressly excluded from coverage. The trial court granted summary judgment. By one point of error, appellant complains that the trial court erred in entering summary judgment against her. We affirm the summary judgment.

Appellant was a passenger in a Honda automobile owned by her father and driven by her sister at an unsafe speed. The vehicle jumped the center median, took to the air, struck a light pole, and rolled over several times. Appellant was thrown from the vehicle during the accident.

The Honda was insured by Sir Lloyd's Insurance Company (Policy 1). Policy 1, in effect at the time of the accident, included individual bodily injury liability coverage in the amount of $20,000 per person and $40,000 per accident. Policy 1 also contained underinsured motorist coverage in the amount of $20,000 per person and $40,000 per accident.

Appellant's father also owned a Nissan automobile which was insured by appellees, NGC County Mutual Insurance Company and Texas All Risk General Agency, Inc. (Policy 2). Policy 2, also in effect at the time of the accident, contained underinsured motorist coverage in the amount of $25,006 per person and $50,006 per accident. However, Policy 2 expressly excluded underinsured motorist coverage to injured persons who were occupying or were struck by a motor vehicle owned by the policy holder or family member but not covered by the policy. The Honda was not covered under policy 2.

Appellant suffered severe injuries from the accident. She recovered full benefits under Policy 1 and then attempted to collect from the underinsured motorist provisions of policy 2. Appellees denied appellant's claim for benefits under the underinsured motorist provisions of policy 2, citing

the unscheduled family vehicle exclusion. Appellant sued and the appellees moved for summary judgment on the sole ground that the contract expressly excluded coverage.

A movant for summary judgment must specifically set forth the grounds upon which he relies, and a summary judgment may not be granted on grounds which are not raised by the movant in his motion. *Mitre & Canseco v. Brooks Fashion Stores*, 840 S.W.2d 612, 616–17 (Tex.App.— Corpus Christi 1992, writ denied); *see Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex. 1984). Summary judgments may not be affirmed or reversed on grounds not expressly set forth in the motions presented to the trial court. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979); *Roberts v. Southwest Tex. Methodist Hosp.*, 811 S.W.2d 141, 144 (Tex. App.—San Antonio 1991, writ denied); *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 518 (Tex.App.—Austin 1991, no writ); *Dhillon v. General Accident Ins. Co.*, 789 S.W.2d 293, 295 (Tex.App.—Houston [1st Dist.] 1990, no writ). In *Carlisle*, the Third Court of Appeals stated:

> In construing the effect of the 1978 amendments to Rule 166a, the Texas Supreme Court has expressed a strong concern that, in an appeal from a summary judgment, issues to be reviewed by the appellate court must have been actually presented to *and considered by* the trial court. (Emphasis in original).

*Carlisle*, 805 S.W.2d at 518 (citing *Clear Creek Basin Auth.*, 589 S.W.2d at 675–77). Consequently, we address appellant's points of error only in context of the issues we find were expressly presented to the trial court by appellees' motions for summary judgment and appellant's response.

In order to sustain a summary judgment, we must determine that the pleadings and summary judgment evidence establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *McFadden v. American United Life Ins. Co.*, 658 S.W.2d 147, 148 (Tex.1983). We accept all evidence favorable to the non-movant as true, indulge the non-movant with every favorable reason-able inference, and resolve any doubt in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985).

We have previously reviewed a similar case in which an injured party sued for underinsured motorist benefits after being injured as a passenger in a vehicle which was not covered by the policy in question. The family owned two vehicles which were insured by the defendant but the accident occurred in a third vehicle. We upheld a summary judgment in favor of the insurer, finding identical exclusionary language valid. *Beaupre v. Standard Fire Ins. Co.*, 736 S.W.2d 237, 238–39 (Tex.App.—Corpus Christi 1987, writ denied).

Appellant argues that if the language in the policy is ambiguous then it must be construed in favor of the insured, citing *National Union v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex.1991). Appellant correctly states the law.

The policy under which appellant attempts to obtain benefits was issued to her father and states in relevant part as follows:

> A. We do not provide Uninsured/Underinsured Motorists Coverage for any person:
>
> 1. For bodily injury sustained while **occupying,** or when struck by, any motor vehicle or trailer of any type owned by you or any **family member** which is not insured for this coverage under this policy. (Emphasis in original).

This language is not ambiguous. Policy 2 clearly excludes underinsured motorist coverage to persons who are injured while occupying vehicles owned by the family but not covered under the policy. We overrule appellant's sole point of error.

We AFFIRM the trial court's summary judgment.