**NUECES COUNTY, Appellant,**

v.

**COM FOUR, a General Partnership, Appellee.**

No. 13–92–504–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 14, 1993.

Peter W. Low, Calame, Linebarger, Graham & Pena, Austin, Lynda D. Helton, Calame, Linebarger & Graham, Corpus Christi, for appellant.

C.M. Henkel, III, Henkel, Hyden & Sanders, Corpus Christi, for appellee.

Before FEDERICO G. HINOJOSA, Jr., KENNEDY and SEERDEN, JJ.

*OPINION*

FEDERICO G. HINOJOSA, Jr., Justice.

Nueces County appeals from a summary judgment entered against it in an action to recover delinquent taxes. By two points of error, appellant complains that the trial court erred by granting appellee's motion for partial summary judgment and by denying appellant's motion for summary judgment. We reverse the judgment and remand the case to the trial court for further proceedings.

In 1986, Nueces County filed suit against Com Four in the 349th District Court of Nueces County to collect delinquent taxes on the property in question. While the suit was pending, Com Four mailed a cashier's check to the Nueces County Tax Assessor–Collector. The check bore no instructions on its face, was dated October 25, 1989, was made payable to the order of the Nueces County Tax Assessor–Collector, and was drawn in the amount of $4,411.73. The tax assessor-collector endorsed the check and deposited it in the county's account on November 3, 1989.

On November 9, 1989, Com Four issued a second check in the amount of $7,475.94, and forwarded it to Nueces County's delinquent tax attorney. This second check was accompanied by the following letter from Com Four's attorney:

> Enclosed please find my client's check in the amount of $7,475.94 reflecting payment in full of any and all obligations my client has in the above referred to lawsuit. The amount of the check constitutes the sum your office gave me reflecting the balance owed on any tax liability of my clients in the pending lawsuit which includes taxes due through 1988. Also enclosed please find the original of a Motion and Order of Dismissal with prejudice of the suit. The enclosed check is tendered to you, in trust, contingent upon the Motion and Order being executed by you and returned to me for entry with the Court.

The trial court dismissed the suit with prejudice on November 30, 1989.

On March 15, 1991, Nueces County filed this suit against Com Four and MBank Corpus Christi in the 94th District Court of Nueces County to collect delinquent taxes on the property, alleging that Com Four owed $6,392.60 from the 1989 tax year. Com Four answered on June 13, 1991, alleging that it paid the 1989 taxes in full on October 25, 1989, and that the $6,392.60 charge constituted usurious interest. Com Four filed a counterclaim against Nueces County, alleging that the county violated the Deceptive Trade Practices–Consumer Protection Act (DTPA), committed usury, breached its contract, and committed the acts maliciously. Com Four prayed for actual damages, exemplary damages under the DTPA provisions and under common law, and attorney's fees.

The parties conducted discovery, and on January 29, 1992, Com Four moved for summary judgment against Nueces County on the claim for delinquent taxes. Nueces County moved for summary judgment against Com Four on the delinquent tax claim. The trial court heard the motions on February 26, 1992, and on March 31, 1992, granted Com Four's motion to dismiss its counterclaims. On May 1, 1992, the trial court granted Com Four's motion for sum-

mary judgment. On May 5, 1992, the trial court granted Nueces County's motion to nonsuit MBank, thus making the summary judgment final as to all parties and claims.

By its first point of error, Nueces County complains that the trial court erred by denying its motion for summary judgment. By its second point of error, Nueces County complains that the trial court erred by granting appellee's motion for partial summary judgment.

■ A movant for summary judgment must specifically set forth the grounds upon which he relies, and a summary judgment may not be granted on grounds which are not raised by the movant in his motion. *Mitre & Canseco v. Brooks Fashion Stores*, 840 S.W.2d 612, 616–17 (Tex.App.—Corpus Christi 1992, writ denied); *see Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex.1984). Summary judgments may not be affirmed or reversed on grounds not expressly set forth in the motions presented to the trial court. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979); *Roberts v. Southwest Tex. Methodist Hosp.*, 811 S.W.2d 141, 144 (Tex.App.—San Antonio 1991, writ denied); *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 518 (Tex.App.—Austin 1991, no writ); *Dhillon v. General Accident Ins. Co.*, 789 S.W.2d 293, 295 (Tex.App.—Houston [1st Dist.] 1990, no writ). Consequently, we address appellant's points of error only in context of the issues we find were expressly presented to the trial court by the motions for summary judgment and the responses.

■ In order to sustain a summary judgment, we must determine that the pleadings and summary judgment evidence establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *McFadden v. American United Life Ins. Co.*, 658 S.W.2d 147, 148 (Tex.1983). We accept all evidence favorable to the non-movant as true, indulge the non-movant with every favorable reasonable inference, and resolve any doubt in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex. 1985).

■ Com Four's summary judgment evidence includes a copy of the November 9, 1989, letter (which we set forth above) from its attorney to Nueces County's attorney. Nueces County admitted 1) that the property in the two suits was identical, 2) that it negotiated the check, 3) that the receipt dated November 14, 1989, indicating payment of $7,475.94 was a true and correct document from the county, 4) that a letter from its counsel indicating that it agreed to nonsuit was true and correct, and 5) that the copies of the motion and order to dismiss were true and correct. Nueces County also admitted receiving and negotiating the cashier's check in the amount of $4,411.73. The cashier's check bore the signature of the depositary bank, dated November 3, 1989. Com Four presented affidavits from a partner and from a representative of MBank, both of which stated that the cashier's check was sent to Nueces County to pay 1989 taxes. Com Four also presented a tax bill which showed that $4,411.73 was due on the property by January 31, 1990.

The summary judgment evidence also includes a copy of Nueces County's tax records for the property in question. The tax records show that on October 31, 1989, $4,411.73 was applied toward Com Four's delinquent account of 1988 and prior years. To its motion for summary judgment, Nueces County attached a certified copy of a tax statement compiled on January 16, 1992. The tax statement shows that as of January 16, 1992, Com Four owes Nueces County delinquent taxes for the year 1989 in the amount of $4,411.73, plus penalties and interest in the amount of $2,488.21, for a total amount of $6,899.94.

The summary judgment evidence proves only that a prior suit for delinquent taxes was settled and dismissed on November 30, 1989, and that Com Four paid $7,475.94 to settle the suit. The summary judgment proof does not establish as a matter of law that earlier payments were not applied to the delinquent account. While Com Four presented evidence that it intended to pay current taxes with its check, dated October 25, 1989, a fact issue remains in this case regarding how the county actually applied the pay-

ment. Since the cashier's check was issued October 25, 1989, and deposited on November 3, 1989, six days before Com Four offerred to settle the suit for $7,475.94, questions of fact remain regarding the amount that was delinquent under the dismissed action.

Since a question of fact exists regarding the amount that was due Nueces County under the first suit (and, therefore, whether any monies are due for the 1989 tax year), summary judgment is inappropriate for either party. We sustain appellant's second point of error and overrule appellant's first point of error.

We REVERSE the judgment of the trial court and REMAND the case to the trial court for further proceedings.