Karen **FRAZER**, Appellant,

v.

Joshua **WALLIS** and Travelers Insurance Company, Appellees.

No. 14–97–1234–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 22, 1998.

Michael C. Engelhart, Houston, for appellant.

Laura L. Kemp, Houston, for appellant.

Before ANDERSON, EDELMAN, and SEARS, JJ.

## OPINION

ANDERSON, Justice.

Karen Frazer (Frazer) appeals from a summary judgment granted in favor of appellee, Travelers Insurance Company[1] (Travelers). On appeal, Fraser brings one point of error contending the trial court erred in granting Travelers' motion for summary judgment. We affirm.

## Background

On August 24, 1995, Frazer was involved in a motor vehicle collision with Joshua Wallis. Frazer was driving a 1995 Chevrolet Suburban. Frazer settled her claim against Joshua Wallis. She also received the maximum coverage under the underinsured motorist coverage from her automobile insurance carrier, Texas Farm Bureau. Frazer then sought recovery under her husband's automobile policy issued by Travelers.

The Travelers policy at issue in this appeal was issued in the name of Sheldon Miller, Frazer's husband. The policy specifically listed Miller's 1984 Mercedes on the policy declarations page, and no other vehicles. No premiums were ever paid for coverage for the Suburban under the Travelers policy. Frazer's claim against Travelers policy was based on the uninsured/underinsured motorist provisions of that policy. Frazer's claim for benefits under the Travelers policy was denied based on the owned, but unscheduled vehicle exclusion in Paragraph A(1) of Part C (uninsured/underinsured motorist provision) of the policy.

Frazer filed suit against Travelers for refusal to pay benefits to her under her husband's policy. Travelers moved for summary judgment based on the language in Part C of the policy excluding coverage for vehicles not insured under the policy. As part of its summary judgment proof, Travelers submitted a copy of the declarations page of the policy which did not list the Suburban as a scheduled vehicle. Summary judgment was granted, and Frazer now appeals that judgment.

In her sole point of error, Frazer contends that summary judgment was improperly granted because the coverage exclusion provision on which summary judgment was based was ambiguous, and therefore she was entitled to coverage.[2] Because appellant raised this issue in response to the summary judgment motion, it is preserved for appellate review. *See* TEX.R. CIV. P. 166a(c).

## Standard of Review

When reviewing a summary judgment, we follow these well-established rules: (1) the movant has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law;

---

1. On February 25, 1997 appellant joined Travelers as a party defendant in her suit. Later, on August 1, 1997, the trial court signed an order dismissing Joshua Wallis from the suit because he had reached a settlement with appellant.

2. We construe Frazer's argument on appeal to be the following: (a) she falls within the definition of "covered person" under Part C; (b) Joshua Wallis' insurance proceeds did not fully cover her damages; (c) therefore, she is entitled to payment by Travelers because she is a "covered person" who sustained bodily injury in a collision with an "uninsured motor vehicle". She contends the foregoing is provided by the "insuring agreement" portion of Part C of the policy, and because the unscheduled vehicle exclusion also within Part C is ambiguous, coverage exists.

(2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in his favor. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The movant must establish his entitlement to summary judgment on the grounds expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). The nonmovant must expressly present to the trial court any issues that would defeat the movant's entitlement to summary judgment by filing a written answer or response to the motion. *See McConnell v. Southside Indep. School Dist.*, 858 S.W.2d 337, 343 (Tex.1993). If the trial court does not specify the basis for granting summary judgment, the appealing party must show it is error to base summary judgment on any ground asserted in the motion. *See Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). Additionally, the reviewing court must affirm the summary judgment if any one of the movant's theories has merit. *See Star–Telegram, Inc.*, 915 S.W.2d at 473.

### Ambiguity

Frazer is correct in stating that where an insurance policy's provision is ambiguous, and it is subject to two or more reasonable interpretations, then that construction that affords coverage will be the one adopted. *See Gonzalez v. Mission American Ins. Co.*, 795 S.W.2d 734, 737 (Tex.1990). However, to sustain her point of error we must first reach the conclusion that the coverage exclusion provision within Part C is ambiguous. The same rules of interpretation and construction apply to insurance policies as apply to contracts. *See National Union Fire Ins. v. CBI Indus.*, 907 S.W.2d 517, 520 (Tex.1995). If a written contract is so worded that it can be given a definite or certain legal meaning, then it is not ambiguous. *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983). A written contract is ambiguous if it may reason-ably be interpreted to have more than one meaning. *See National Union Fire Ins.*, 907 S.W.2d at 520. The proper construction of an unambiguous contract is a question of law for the court. *See Phillips Natural Gas Co. v. Cardiff*, 823 S.W.2d 314, 317 (Tex.App.—Houston[1st Dist.] 1992, writ denied).

Appellant claims the coverage exclusion in Part C of the Travelers policy which describes Uninsured/Underinsured Motorists Coverage is ambiguous. Specifically, Frazer contends that Paragraph A(1) of the exclusions in Part C of the policy is ambiguous. Paragraph A(1) states:

A. We do not provide Uninsured/Underinsured Motorists Coverage for any person:

1. For bodily injury sustained while occupying, or when struck by, any motor vehicle or trailer of any type owned by you or any family member which is not insured for this coverage under this policy.

The Corpus Christi Court of Appeals has addressed identical language in an insurance contract. In *Reyes v. Texas All Risk General Agency, Inc.*, the court decided that this exact same paragraph is not ambiguous. *See* 855 S.W.2d 191 (Tex.App.—Corpus Christi 1993, no writ). Even though neither Frazer nor Travelers addressed *Reyes* in their briefs, we see no reason to depart from the analysis there. We agree with the Corpus Christi court's holding that language identical to the coverage exclusion provision at issue here "clearly excludes underinsured motorist coverage to persons who are injured while occupying vehicles owned by the family but not covered under the policy." *Id.* at 192. Accordingly, we hold that Paragraph A(1) in the Travelers policy is not ambiguous. Here, Frazer's Suburban was not listed on the declarations page of the Travelers policy, and Paragraph A(1) of the exclusions in Part C unambiguously excludes uninsured/underinsured coverage for owned, but unscheduled motor vehicles. Therefore, Frazer's sole point of error is overruled.

We affirm the judgment of the trial court.