**Opinion filed August 4, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00227-CV
_____

## CRYSTAL RENEA DODSON, Appellant

## V.

## ECTOR COUNTY, TEXAS, Appellee

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-18-08-1183-CV-A**

## M E M O R A N D U M   O P I N I O N

Appellant, Crystal Renea Dodson, filed suit against Ector County and former county jailer Alfred John Herrera, asserting causes of action under 42 U.S.C. § 1983 and for common law civil assault and battery. Appellee, Ector County, was only alleged to have violated Appellant's constitutional rights under 42 U.S.C. § 1983. Appellee filed a motion for summary judgment, which the trial court ultimately granted, and the County was dismissed from the primary suit in a final judgment and

severance order. Appellant challenges the trial court's ruling in a single issue. We affirm.

*Background*

Appellant alleged in her petition that she was sexually assaulted in 2016 by Ector County jailer Herrera. Prior to Appellant bringing this civil lawsuit, Herrera pled guilty to two counts of improper sexual activity with a person in custody—with each count involving a different victim. Appellant alleged that Herrera sexually assaulted another inmate prior to his assault of Appellant and that the other inmate informed the Ector County Sheriff's Prison Rape Elimination Office (PREA Office) of the offense. According to Appellant, the County ignored letters from this other inmate, which allowed Herrera the opportunity to sexually assault Appellant.

Appellant pleaded one cause of action against Appellee.[1] Appellant claimed that Appellee was responsible for the assault perpetrated by Herrera and that Appellee's policies, customs, and practices, "caused the deprivation and violation of [Appellant's] constitutional rights and civil rights." Appellant included in her pleading that Appellee's "deliberate indifference and failure to supervise, train and discipline employees" caused the harms she suffered. Appellee filed a combined no-evidence and traditional motion for summary judgment. The trial court granted the motion on both no-evidence and traditional grounds. Appellant filed this appeal challenging the trial court's grant of summary judgment. She alleges in a single issue that the summary judgment evidence created a fact question as to whether Appellee had a custom of ignoring complaints of sexual assault, which caused Appellant's injuries.

---

[1]In this opinion, we refer solely to the causes of action that relate to Appellee, and we express no opinion regarding any claims against Herrera.

*Standard of Review*

We review the trial court's grant of summary judgment de novo. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). When the trial court's order does not specify the grounds for its summary judgment, we will affirm it if any of the theories are meritorious. *Knott*, 128 S.W.3d at 216. Generally, if a party moves for summary judgment on both no-evidence and traditional grounds, we first consider the no-evidence motion. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

A no-evidence motion for summary judgment is reviewed under the same legal sufficiency standard as a directed verdict. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Under this standard, the nonmovant has the burden to produce more than a scintilla of evidence to support each challenged element of its claims. *Id.* Evidence is less than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). A trial court must grant a motion for no-evidence summary judgment unless the nonmovant produces some evidence "raising a genuine issue of material fact." TEX. R. CIV. P. 166a(i); *see also Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

A party moving for traditional summary judgment bears the burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). For a trial court to grant a traditional summary judgment motion, a defendant must conclusively negate at least one essential element of the cause of action being asserted or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911

(Tex. 1997). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). If the movant initially establishes a right to summary judgment on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

In reviewing both traditional and no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *Merriman*, 407 S.W.3d at 248; *Wilson*, 168 S.W.3d at 824.

*Applicable Law*

In her sole issue, Appellant alleges that the trial court erred in granting both motions for summary judgment because Appellant satisfied the requirements laid out by the United States Supreme Court in *Monell*. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

The *Monell* test is used to determine local government liability when a § 1983[2] violation has been alleged. *See id.* "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* at 694. It "cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. However, if the execution of a local government's policy or custom, either "made

---

[2]The relevance of 42 U.S.C. is not at issue in this matter; however, we apply federal substantive law and state procedural law when reviewing a claim brought under a federal statute. *In re GlobalSanteFe Corp.*, 275 S.W.3d 477, 485 (Tex. 2008). The federal statute at issue, § 1983, is "not a source of substantive rights" but creates a cause of action against state actors to enforce those rights. *Escobar v. Harris Cty.*, 442 S.W.3d 621, 629 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994)). A § 1983 claimant must show that a person acting under color of state law deprived the claimant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 331–32 (1986). Individual government actors and, in certain circumstances, local governments can be "persons" subject to § 1983 liability. *See Howlett v. Rose*, 496 U.S. 356, 375 (1990); *see also Monell*, 436 U.S. at 694.

by its lawmakers or by those whose edicts or acts may fairly be said to represent an official policy, is what inflicted the injury, the government as an entity shall be responsible under § 1983." *Id.* at 694. As used, a "policy" is "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. A "custom" is a "persistent and widespread" practice, though not officially adopted. *Id.* at 691. The custom must be "so widespread as to have the force of law," and so "well-settled as to constitute a custom that fairly represents [the governmental entity's] policy." *Escobar v. Harris Cty.*, 442 S.W.3d 621, 639 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (first quoting *Bd. Of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997); then quoting *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850 (5th Cir. 2009)). "In other words, there must be '*sufficient instances of tolerant awareness by supervisors* of abusive conduct to support an inference that they had a policy, custom or usage of acquiescence in such abuse.'" *Lucente v. Cty. of Suffolk*, 980 F.3d 284, 298 (2d Cir. 2020) (emphasis added) (quoting *Jones v. Town of East Haven*, 691 F.3d 72, 82 (2d Cir. 2012)). Official policies, longstanding and accepted practices, or actions taken by a policymaking authority may all be used to show official government policy or custom. *Harris Cty. v. Coats*, 607 S.W.3d 359, 373 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Ordinarily, a customary local government policy may not be inferred from a single constitutional violation. *Escobar*, 442 S.W.3d at 639. As a result, "[i]solated unconstitutional actions by local government employees will almost never trigger employer liability." *Coats*, 607 S.W.3d at 373 (citing *Monell*, 436 U.S. at 691; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

To establish local government liability under § 1983, the claimant must prove each of three critical elements. *Coats*, 607 S.W.3d at 373; *see also Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015); *Piotrowski*, 237 F.3d at 578 (citing *Monell*, 436 U.S. at 694). The evidence must show: (1) a policymaker, (2) an official policy

5

or custom, and (3) a violation of a constitutional right whose "moving force" is the policy or custom. *Escobar*, 442 S.W.3d at 638 (quoting *Piotrowski*, 237 F.3d at 578). When a local government official follows or executes an unconstitutional municipal policy and thereby causes injury, § 1983 municipal liability may result. *Coats*, 607 S.W.3d at 373. However, when a local government official causes injury by violating a person's constitutional rights, but does so contrary to a constitutional policy, the governmental entity is rarely liable under § 1983—if ever. *Id.*

*Analysis*

Appellant alleged in the broadest terms that Ector County's policies, customs, and practices provided inadequate supervision, training, and discipline of employees. According to Appellant, these deficient policies and customs caused the violation of Appellant's constitutional rights, a violation of 42 U.S.C. § 1983. Appellee asserted in its motion for summary judgment that there was no evidence of any official policy, custom, or practice on the part of Appellee upon which liability may arise under § 1983.

A. *Raising a genuine issue of material fact.*

We first address the no-evidence basis for summary judgment. *See Lightning Oil Co.*, 520 S.W.3d at 45. In response to Appellee's no-evidence motion for summary judgment, it is critical that Appellant have provided summary judgment evidence of incidents that permit an inference of a known and accepted practice or custom. Evidence merely showing a deviation by a governmental employee "fail[s] to raise a genuine issue of material fact as to unconstitutional actions from which an unwritten [c]ounty policy could be inferred." *Escobar*, 442 S.W.3d at 640. We therefore examine closely the summary judgment evidence.

B. *Appellant's summary judgment evidence.*

In her response to Appellee's motions for summary judgment, Appellant provided one piece of evidence: a June 2020 affidavit from another inmate, B.J.B.

6

B.J.B. asserted that Herrera had sexually assaulted her on two occasions, a year apart from each other (June 2015 and August 2016), while B.J.B. was incarcerated in the Ector County Detention Center.[3] B.J.B. stated that within about a three-week period following the *first* assault by Herrera (June 2015), she submitted three letters to the Sheriff's PREA Office. No original or copy of such letters are in the appellate record. There is no claim of B.J.B. reporting the second alleged assault or any other relevant incident. B.J.B.'s affidavit indicates that, in her letters, she informed the PREA Office that she "wanted to talk to someone about an incident that happened in the jail," but she never received a reply. B.J.B.'s affidavit does not indicate that she identified Herrera in the letters,[4] nor does B.J.B.'s affidavit indicate that the nature or the seriousness of the complaint was stated in the letters. B.J.B. indicated that she knew where to send complaints of sexual assault.

C. *Not a scintilla of evidence.*

Appellant failed to her meet her burden to present some evidence of an official policy or custom on the part of the County. *Monell* requires three things: (1) a policymaker, (2) an official policy or custom, and (3) a violation of a constitutional right whose "moving force" is the policy or custom. *Escobar*, 442 S.W.3d at 638 (quoting *Piotrowski*, 237 F.3d at 578). These three principles are "necessary to distinguish individual violations perpetrated by local government employees [like Herrera] from those that can fairly be identified as actions of the government itself." *Coats*, 607 S.W.3d at 373. In cases where a city or county fails to act on complaints of sexual misconduct by police department employees, the governmental entity is liable only if it had a policy or custom of failing to act upon prior similar complaints

---

[3]Appellant included two letters that she sent to her attorney, *but not to the County*, in July and August 2016. In the letters, Appellant alleged that she and other inmates had been sexually assaulted by the same officer.

[4]*See also Andrews*, 98 F.3d at 1075 (a vague report of complaint without identification of the assaulting officer in the report).

which caused the constitutional injury at issue. *Andrews v. Fowler*, 98 F.3d 1069, 1075 (8th Cir. 1996). To establish local governmental liability based on the failure to prevent misconduct by their employees, there must be evidence that the city or county officials "had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action." *Id.* Even if we set aside the demonstrated vagueness of any alleged inmate reporting, Appellant fails to provide summary judgment evidence that there were county-official-sanctioned customs or policies to ignore such complaints and a deliberate failure to act. *See Escobar*, 442 S.W.3d at 640.

Appellant, as the nonmovant, had the burden to produce more than a scintilla of evidence for each challenged element. *See Merriman*, 407 S.W.3d at 248. A surmise or suspicion is not enough to survive a no-evidence motion for summary judgment. *See Chapman*, 118 S.W.3d at 751. Appellant did not provide even a scintilla to show that Herrera acted under the influence of an official sanctioned policy or custom. *See Escobar*, 442 S.W.3d at 638. Single instances might be additional evidence of further employee misconduct but is not enough to create a custom or policy to hold the County liable under *Monell*. Even taking the assertion—that the other inmate letters alleging sexual assault were sent and received—as true, it is not enough to show they were ignored. Further, even if this were true, it does not prove or even imply that the PREA Office followed a custom of ignoring all sexual assault allegations made by inmates against jailers. One allegation of a constitutional violation does not create a pattern "so common and well-settled as to constitute a custom that fairly represents municipal policy." *Escobar*, 442 S.W.3d at 639 (quoting *Peterson*, 588 F.3d at 850). And it does not create more than a suspicion that allegations have been ignored before. Because Appellant failed to present even a scintilla of evidence that her constitutional rights were violated as the result of a custom or policy of Ector County, the trial court

properly granted Appellee's no-evidence motion for summary judgment on the § 1983 claim.

   D. *Appellee's traditional motion for summary judgment.*

      1. Appellee's summary judgment evidence.

With its traditional motion for summary judgment, Appellee presented evidence to establish that it had policies which strictly prohibited sexual harassment or sexual assault by an officer on an inmate, that Herrera was trained in these policies, and that the County provided oversight and reinforcement of these policies. The evidence included affidavits from Ector County Detention Center employees Captain Steven McNeill and Lieutenant Gloria Molinar; an affidavit from criminal investigator Captain Diallo "Tony" Bass of the Ector County Sheriff's Office; copies of detention center and county policies prohibiting sexual harassment; copies of Herrera's employee evaluations; and an acknowledgment of the policies signed by Herrera. The affidavits and additional forms indicated that Herrera received training, supervision, and copies of the sexual harassment and assault policies in place in the county. These records include a reporting system for daily complaints by inmates that Appellant herself accessed often—from complaints of insufficient hot water to complaints about TVs, blankets, etc. Rather than a policy or custom of ignoring complaints, these records demonstrate a systematic receipt and address of inmate issues. Additionally, the affidavits provided evidence that, prior to the inquiry from the Texas Rangers, no one in the Ector County Sheriff's Office had any prior knowledge of Appellant's complaint or allegations, nor was there any report in which Herrera was accused of sexual assault. Upon being informed of an alleged sexual assault, there is summary judgment evidence of immediate documented action and investigation by the sheriff's office. The County had no record of similar complaints, or any behavior which could indicate Herrera was likely to sexually

assault an inmate. Appellant did not rebut the county's traditional motion with evidence other than the affidavit of B.J.B. previously discussed.

> 2. The County conclusively proved as a matter of law that it had no policy, custom, or practice that was the moving force of the violation of Appellant's constitutional rights.

The trial court did not err in granting the traditional motion for summary judgment. Again, taking the evidence favorable to Appellant as true—that the PREA Office did receive the letters alleging that someone sexually assaulted an inmate—it is not enough to meet the elements outlined in *Monell*. *Monell* requires that Appellee had a policy or custom of ignoring complaints of sexual assault committed by jailers or officers against inmates. Further, local government entities are ordinarily exempt from such liability for the acts of their employees. The government entity is only liable if an official policy or custom, promulgated by a policymaker, is the moving force behind the constitutional violation. *Coats*, 607 S.W.3d at 373. Appellant's own evidence shows, at most, only that an inmate sent a letter saying there was "*an incident*." Without further information, even assuming the letters were sent to the correct place and were received, there is nothing to suggest that the Sheriff's PREA Office knew the letters were about Herrera or to demonstrate that there is a custom of ignoring *complaints of sexual assault*. In fact, immediately following contact from the Texas Rangers about an alleged sexual assault of Appellant, the sheriff's office opened a criminal investigation against Herrera, and he was suspended and then terminated. Appellant did not create a fact question by producing controverting evidence on one of the elements of Appellee's motion including a county endorsed custom or policy. *See McFadden v. American United Life Ins.*, 658 S.W.2d 147, 148 (Tex. 1983). Under the circumstances presented, no reasonable person would conclude that Appellee had a county-endorsed custom of failing to take these accusations seriously. Without competent

evidence in rebuttal, the County conclusively proved no policy, custom, or practice that was the moving force of the violation of Appellant's constitutional rights.

Therefore, we find no error in the trial court's grant of Appellee's no-evidence and traditional motions for summary judgment, and we overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


August 4, 2022

Panel consists of: Bailey, C.J.,
Williams, J., and Wright, S.C.J.[5]

Trotter, J., not participating.

---

[5]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.